# EXHIBIT 1

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/056,277 | 01/27/2011 | Johan Emil Viktor Bjorsell | SMARB19.004APC | 2403 |

20995 7590 04/11/2013
KNOBBE MARTENS OLSON & BEAR LLP
2040 MAIN STREET
FOURTEENTH FLOOR
IRVINE, CA 92614

| EXAMINER | |
|---|---|
| RAHMAN, MOSTAZIR M | |
| ART UNIT | PAPER NUMBER |
| 2413 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/11/2013 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

jayna.cartee@knobbe.com
efiling@knobbe.com

| *Office Action Summary* | **Application No.**<br>13/056,277 | **Applicant(s)**<br>BJORSELL ET AL. | |
|---|---|---|---|
| | **Examiner**<br>M MOSTAZIR RAHMAN | **Art Unit**<br>2413 | |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --***

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *01/27/2011*.

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☒ Claim(s) *1-90* is/are pending in the application.

5a) Of the above claim(s) ____ is/are withdrawn from consideration.

6)☐ Claim(s) ____ is/are allowed.

7)☒ Claim(s) *1-90* is/are rejected.

8)☐ Claim(s) ____ is/are objected to.

9)☐ Claim(s) ____ are subject to restriction and/or election requirement.

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on *01/27/2011* is/are: a)☒ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. ____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08)
Paper No(s)/Mail Date
*1/27/2011 05/06/2011 6/21/2012 8/3/2012 9/6/2012 9/10/2012 1/14/2013*

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date. ____ .

4) ☐ Other: ____.

## DETAILED ACTION

### *Information Disclosure Statement*

The information disclosure statements (IDS) submitted on 01/27/2011, 05/26/2011, 06/21/2012, 08/03/2012, 09/06/2012, 09/10/2012 and 01/14/2013 have been placed in record and considered by the examiner.

### *Priority*

Receipt is acknowledged of papers submitted under 35 U.S.C. 119(a)-(d), which papers have been placed of record in the file.

### *Claim Objections*

Claims 52, 71 and 90 are objected to because of the following informalities: Specifically,

a. Claim 52 line 5: replace first occurrence of "**said routing controller**" -- "**a routing controller"** -- instead.

b. Claim 71 line 9: replace first occurrence of "**said routing controller**" into -- "**a routing controller"** -- instead.

c. Claim 90 line 6: replace first occurrence of "**said routing controller**" into -- "**a routing controller**" -- instead.

Appropriate corrections are required.

### ***Claim Rejections - 35 USC § 101***

35 U.S.C. 101 reads as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

**Claims 32 and 90** are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.

The claims are drawn to a "**computer readable medium**”. Thus, applying the broadest reasonable interpretation in light of the specification and taking into account the meaning of the words in their ordinary usage they would be understood by one of ordinary skill in the art (MPEP §2111) , the claim as a whole covers both transitory and not transitory media. A transitory medium does not fall into any of the 4 categories of invention (Process, Machine, Manufacture, or composition of matter). The applicants are respectfully suggested to amend the claims to read as "A **non-transitory** **computer readable medium** …" to overcome the 35 USC § 101 rejection.

### ***Claim Rejections - 35 USC § 103***

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious

> at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.
2. Ascertaining the differences between the prior art and the claims at issue.
3. Resolving the level of ordinary skill in the pertinent art.
4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g) prior art under 35 U.S.C. 103(a).

**Claims 1-3, 5-7, 8- 14, 16- 24, 26-35, 52-54, 71-73** and **90** are rejected under 35 U.S.C. 103(a) as being unpatentable over **ELLIOTT** et al. (US Pub No. **2004/0022237 A1**; hereinafter as "**ELLIOTT**") in view of **ALBINA** et al. (US Pub No. **2008/0056235 A1**; hereinafter as "**ALBINA**").

1. **Elliott teaches** a method of initiating a call to a callee using, *a telephone*, the method comprising ***(Elliott; Fig. 1: initiate a call from caller 102 to callee 120)***:

receiving, from a user of *the telephone*, a callee identifier associated with the callee ***(Elliott, [0035] lines 20-22; user of calling party dials phone number of the called party)***;

transmitting an access code request message to an access server, said access code request message including said callee identifier ***(Elliott, [0035] lines 24-37: soft switch takes request from calling party with dialed number to set up contact with called party)***;

receiving an access code reply message from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said callee identifier (***[0487]: soft switch sends IPDC protocol command back to gateway (reply) which is connected to the calling party so that the call termination to called party 120***); and

initiating a call with *the telephone* using said access code to identify the callee (***[0487]: the connection between origination and termination is established***).

However, Elliott does not explicitly teach that caller is a mobile phone.

In an analogous art, **Albina** teaches functionality of:

a mobile phone is calling a callee ***(Albina, Fig. 1 mobile device 102 is calling device 104).***

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to provide the technique of **Albina** to the system of **Elliott** in order to establish a VoIP media session between the originating cellular telephone and the VoIP destination device ***(Albina, [0007]).***

2. **Elliott and Albina, specifically, Elliott teach** the method of claim 1 wherein transmitting comprises transmitting said access code request message to said access server on a non-voice network ***(Elliott,[0485]: dialed number; (Fig. 4A: 408: [0582]:408 is a TCP/IP (i.e. <u>non-voice</u>) connection)***.

3. **Elliott and Albina, specifically, Albina teach** the method of claim 1.

wherein transmitting comprises transmitting a location identifier of a location associated with the mobile telephone to said access server ***(Albina [0105]; mobile station 1202 register with Registrar/Location server 1210 to give the location of mobile station; Fig. 12)***.

5. **Elliott and Albina, specifically, Albina teach** the method of claim 3 wherein transmitting said location identifier comprises transmitting an identifier of a wireless

voice signal station in wireless communication with the mobile telephone ***(Albina; Fig. 2: [0033] lines 1-18: mobile device 102 sends a data message (i.e. identifier) which is carried via mobile data network 106 which is deliver to application server 110).***

6. **Elliott and Albina, specifically, Albina teach** the method of claim 3 wherein transmitting said location identifier comprises transmitting a user-configured identifier of a location associated with the mobile telephone ***(Albina; Fig. 12: mobile station 1202 registers with register/location server 1210. [0104] lines 8-14: Client's application (i.e. user-configured identifier) resides on mobile station 1202 for enabling the user to select a call. Application is configured (i.e. user-configured identifier) such that requests arrive at the IP address of IWF 1208)***.

7. **Elliott and Albina, specifically, Albina teaches** the method of claim 1 wherein receiving said access code reply message comprises receiving said access code reply message from said access server on a non-voice network ***(Elliott , Fig. 1: mobile phone 102 is communicating with soft switch using data network 112 which is a non-voice network.; [0863]: ServerProxy 426)***.

8. **Elliott and Albina, specifically, Albina teach** the method of claim 1.

wherein receiving said access code reply message comprises receiving, in said access code reply message, said access code temporarily associated with said

callee identifier (***Albina; [0053]: destination phone number (the assigned local temporary number) to the SIP application server***).

9. **Elliott and Albina, specifically, Elliott teach** the method of claim 1 wherein receiving said access code reply message comprises receiving, in said access code reply message, a telephone number identifying a channel operably configured to cooperate with an IP network to cause a call involving the mobile telephone and the callee to be routed through the IP network ***(Elliott, Fig. 1: Device 102 makes a call to callee 120 which is routing through IP data network 112).***

10 **Elliott and Albina, specifically, Elliott teach** the method of claim 1 wherein initiating said call comprises engaging a routing controller to route said call on said IP network to the callee ***(Elliott Fig. 1: device 102 engaging gateway site 108 (a routing controller) to route the call through IP data network 118 to callee 120).***

11. **Elliott and Albina, specifically, Elliott teach** the method of claim 1 further comprising:

receiving from the mobile telephone said access code request message ***(Elliott ,[0485]: dialed number)***;

communicating with a routing controller to obtain from the routing controller said access code wherein said access code identifies a channel and is useable by the

mobile telephone to cause the routing controller to establish a call to the callee using the channel ***(Elliott, Fig. 22A: 2226: [0487]: gateway setup call from caller to callee using <u>IPDC protocol commands</u>)***;

and transmitting said access code reply message to the mobile telephone ***(*****Elliott** ***,[0487]: soft switch <u>sends IPDC protocol command back to gateway</u> (reply) which is connected to the calling party so that the call termination to called party 120 and the connection between origination and termination is established)***.

12. **Elliott teaches** *a* telephone apparatus comprising:

means for receiving, from a user of the telephone, a callee identifier associated with the callee ***(Elliott, [0035] lines 20-22; user of calling party dials phone number of the called party)***;

transmitting means for transmitting an access code request message to an access server, said access code request message including said callee identifier ***(Elliott, [0035] lines 24-37: soft switch takes request from calling party with dialed number to set up contact with called party)***;

means for receiving an access code reply message from the access server in response to said access code request message, said access code reply message

including an access code different from said callee identifier and associated with said callee identifier (***[0487]: soft switch <u>sends IPDC protocol command back to gateway</u> (reply) which is connected to the calling party so that the call termination to called party 120***);

and means for initiating a call using said access code to identify the callee (***[0487]: the connection between origination and termination is established***).

However, Elliott does not teach that apparatus is a **mobile phone**.

In an analogous art, **Albina** teaches functionality of:

a mobile apparatus is calling a callee ***(Albina, Fig. 1 mobile device 102 is calling device 104).***

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to provide the technique of **Albina** to the system of **Elliott** in order to establish a VoIP media session between the originating cellular telephone and the VoIP destination device ***(Albina, [0007]).***

21. **Elliott and Albina, specifically, Elliott teach** a system for initiating a call to a callee, the system comprising the mobile telephone apparatus of claim 12, and further comprising:

a routing controller ***(Elliott: Fig. 1: Gateway site 108)***; and

an access server comprising ***(Elliott: Fig 1: Soft switch 106):***

means for receiving from the mobile telephone said access code request message ***(Elliott,[0485]: dialed number)***;

means for communicating with said routing controller to obtain from said routing controller said access code wherein said access code identifies a channel and is useable by the mobile telephone to cause the routing controller to establish a call to the callee using the channel ***(Elliott ,Fig. 22A: 2226: [0487]: gateway setup call from caller to callee using IPDC protocol commands)***; and

means for transmitting said access code reply message including said access code to the mobile telephone ***(Elliott ,[0487]: soft switch sends IPDC protocol command back to gateway (reply) which is connected to the calling party so that the call termination to called party 120 and the connection between origination and termination is established)***.

22. **Elliott teach** a telephone apparatus comprising:

a processor circuit ***(Fig. 1: a phone stations (102 and 122) must have a processor)***;

a network interface in communication with said processor circuit ***(Fig. 1: phone stations (102 and 122) must have a network interface to connect to other devices)***; and

a computer readable medium in communication with said processor circuit and encoded with codes for directing said processor circuit ***(stations (102 and 122) must have computer code to operate)*** to:

receive, from a user of the telephone, a callee identifier associated with the callee ***(Elliott, [0035] lines 20-22; user of calling party dials phone number of the called party)***;

cause an access code request message to be transmitted to an access server, said access code request message including said callee identifier ***(Elliott, [0035] lines 24-37: soft switch takes request from calling party with dialed number to set up contact with called party);***

receive an access code reply message from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said callee identifier (***Elliott ,[0487]: soft switch <u>sends IPDC protocol command back to gateway</u> (reply) which is connected to the calling party so that the call termination to called party 120***); and

initiate a call using said access code to identify the callee (***[0487]: the connection between origination and termination is established***).

However, Elliott does not teach that apparatus is a **mobile phone**.

In an analogous art, **Albina** teaches functionality of:

a mobile apparatus is calling a callee ***(Albina, Fig. 1 mobile device 102 is calling device 104).***

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to provide the technique of **Albina** to the system of **Elliott** in order to establish a VoIP media session between the originating cellular telephone and the VoIP destination device ***(Albina, [0007]).***

23. **Elliott and Albina, specifically, Elliott teach** the mobile telephone apparatus of claim 22 wherein said network interface comprises a non-voice network interface, and wherein said codes for directing said processor circuit to cause said access code request message to be transmitted include codes for directing said processor circuit to cause said access code request message to be transmitted to said access server using said non-voice network interface on a non-voice network ***(Elliott, Fig.1: phone 102 calls callee 120 which is routing through gateway site 108 using data network (<u>i.e. non-voice network</u>) through another gateway***

***site 110 and reach to destination callee 120).***

24. **Elliott and Albina, specifically, Albina teaches** the mobile telephone apparatus of claim 22.

wherein said access code request message further includes a location identifier of a location associated with the mobile telephone server ***(Albina [0105]; mobile station 1202 register with Registrar/Location server 1210 to give the location of mobile station; Fig. 12)***.

26. **Elliott and Albina, specifically, Albina teach** the mobile telephone apparatus of claim 24 wherein said location identifier comprises an identifier of a wireless voice signal station in wireless communication with the mobile telephone ***(Albina; Fig. 2: [0033] lines 1-18: mobile device 102 sends a data message (i.e. identifier) which is carried via <u>mobile data network 106</u> which is deliver to application server 110).***

27. **Elliott and Albina, specifically, Albina teach** the mobile telephone apparatus of claim 24 wherein said location identifier comprises a user-configured identifier of a location associated with the mobile telephone ***(Albina; Fig. 12: mobile station 1202 registers with <u>register/location</u> server 1210. [0104] lines 8-14: Client's application (<u>i.e. user-configured identifier</u>) resides on mobile station 1202 for enabling the user to select a call. Application is configured (<u>i.e. user-</u>***

***configured identifier)*** ***such that requests arrive at the IP address of IWF 1208)***.

28. **Elliott and Albina, specifically, Albina teach** the mobile telephone apparatus of claim 22 as applied above and

wherein said network interface comprises a non-voice network interface, and wherein said codes for directing said processor circuit to receive an access code reply message include codes for directing said processor circuit to cause said access code reply message to be received from said access server using said non-voice network interface on a non-voice network ***(Albina***, ***Fig. 11: Mobile phone 1102 to communicate with wireless data network 1106 and application server 1108. It must have a data interface (i.e. non-voice interface) to communicate with wireless data network 1106; [0007]; mobile phone sends data message to wireless data network (i.e. non-voice network; [0011]: cellular-to-VoIP call establishment module)).***

29. **Elliott and Albina, specifically, Elliott teaches** the mobile telephone apparatus of claim 22 wherein said access code includes a telephone number identifying a channel operably configured to cooperate with an IP network to cause a call involving the mobile telephone and the callee to be routed through the IP network ***(Elliott, Fig. 1: phone 102 engaging gateway site 108 (a routing controller) to route the call through IP data network 118 to callee 120)***.

30. **Elliott and Albina, specifically, Elliott teaches** the mobile telephone apparatus of claim 22 as applied above, wherein said network interface comprises a mobile telephone network interface, and wherein said codes for directing said processor circuit to initiate include codes for directing said processor circuit to cause a call to be initiated using said mobile telephone network interface on a mobile telephone network ***(Albina, Fig. 1: Mobile communication device 102 which must have mobile telephone network interface communicate with mobile wireless service provider 116***).

31. **Elliott and Albina, specifically, Elliott teaches** a system for initiating a call to a callee, the system comprising the mobile telephone of claim 22, and further comprising:

a routing controller ***(Elliott, Fig. 1: Gateway 108)***; and

an access server comprising a processor circuit and a computer readable medium in communication with the processor circuit, the computer readable medium encoded with codes for directing said processor circuit to ***(Elliott, Fig. 1: Soft switch 104, 106 must have a process, must have a computer readable medium and computer code to operate)***:

receive from the mobile telephone said access code request message ***(Elliott, [0035] lines 20-22; user of calling party dials phone number of the called party***

***on mobile phone)***;

communicate with said routing controller to obtain from said routing controller said access code wherein said access code identifies a channel and is useable by the mobile telephone to cause the routing controller to establish a call to the callee using the channel ***(Elliott, Fig. 22A: 2226: [0487]: gateway setup call from caller to callee using <u>IPDC protocol commands</u>***;

and transmit said access code reply message to the mobile telephone ***(Elliott ,[0487]: soft switch <u>sends IPDC protocol command back to gateway</u> (reply) which is connected to the calling party so that the call termination to called party 120 and the connection between origination and termination is established)***.

**Regarding claim 13**, the claim is interpreted and rejected for the same reason as set forth in claim 2.

**Regarding claim 18**, the claim is interpreted and rejected for the same reason as set forth in claim 7.

**Regarding claim 20**, the claim is interpreted and rejected for the same reason as set forth in claim 9.

**Regarding claim 32**, the claim is interpreted and rejected for the same reason as set forth in claim **1**.

**Regarding claims 14, 16, 17, 19,** the claim are interpreted and rejected for the same reason as set forth in claims **3, 5, 6, 8** respectively**.**

71. **Elliott teaches** a system for enabling a telephone to initiate a call to a callee through a channel ***(Fig. 1: 102 to 120)***, the system comprising:

a processor circuit ***(Fig. 1: soft switch (104 and 106) must have a processor)***; a network interface in communication with said processor circuit ***(Fig. 1: soft switch (104 and 106) must have a network interface to connect to other devices)***; and

a computer readable medium in communication with said processor circuit and encoded with codes for directing said processor circuit to ***(soft switch, 104, 106 must have computer code to operate)***:

receive from the mobile telephone an access code request message including a callee identifier associated with the callee ***([0485]: dialed number);***

communicate with said routing controller to obtain from said routing controller an access code identifying the channel, said access code being different from the callee identifier and useable by the telephone to initiate a call to the callee using the channel ***(Fig. 22A: 2226: [0487]: gateway setup call from caller to callee using***

***IPDC protocol commands);*** and

cause an access code reply message including said access code to be transmitted to the telephone ***([0487]: soft switch sends IPDC protocol command back to gateway (reply) which is connected to the calling party so that the call termination to called party 120 and the connection between origination and termination is established).***

However, Elliott does not teach that caller is a mobile phone.

In an analogous art, **Albina** teaches functionality of:

a mobile phone is calling a callee ***(Albina, Fig. 1 mobile device 102 is calling device 104).***

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to provide the technique of **Albina** to the system of **Elliott** in order to establish a VoIP media session between the originating cellular telephone and the VoIP destination device ***(Albina, [0007]).***

72. **Elliott and Albina, specifically, Elliott teach** the system of claim 71 wherein said network interface comprises a non- voice network interface ***(Elliott ,Fig. 4A: 408: [0582]:408 is a TCP/IP (i.e. non-voice) connection)***, and wherein said codes for directing said processor circuit to receive include codes for directing said

processor circuit to cause said access code request message to be received using said non-voice network interface on a non-voice network ***(*Elliott *,Fig. 4B: Codes to interface with Route ServerProxy 426; [0860]; [0863]; )***.

73. **Elliott and Albina, specifically, Elliott teach** the system of claim 71 wherein said computer readable medium is further encoded with codes for directing said processor circuit to cause said access code to be produced ***(*Elliott *,Fig. 22: 2226; [0515] soft switch sites 104,106 can send messages (i.e. encoded with codes) through data network 112 (e.g. using IPDC protocol commands) (i.e. access code) to gateway sites 108,101 to instruct the gateway sites to make the necessary connecting for setting up the call from origination and termination)***.

**Regarding claims 33-35**, the claims are interpreted and rejected for the same reason as set forth in claims **71-73** respectively.

**Regarding claims 52-54**, the claims are interpreted and rejected for the same reason as set forth in claims **71-73** respectively.

**Regarding claim 90**, the claim is interpreted and rejected for the same reason as

set forth in claim **71**.

**Claims 4, 15, 25, 36-42, 43-48, 55-67, 74-80, and 81-86** are rejected under 35 U.S.C. 103(a) as being unpatentable over **ELLIOTT** et al. (US Pub No. **2004/0022237 A1**; hereinafter as "**ELLIOTT**") in view of **ALBINA** et al. (US Pub No. **2008/0056235 A1**; hereinafter as "**ALBINA**") and further in view of **SCHUSTER** et al. (US Pat No. **6,674,745 B1**; hereinafter as "**SCHUSTER**").

4. **Elliott and Albina teach** the method of claim 3.

However the **combination of Elliott and Albina** do not explicitly teach wherein transmitting said location identifier comprises transmitting an IP address of the mobile telephone in a wireless IP network.

In an analogous art, **Schuster** teaches functionality of:

wherein transmitting said location identifier comprises transmitting an IP address of the mobile telephone in a wireless IP network ***(Schuster col.6 lines 58-62: setup up a call, originating gateway needs some mechanism to determine the IP address of the appropriate terminating gateway 20 based on the telephone number supplied by the calling party)***.

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to provide the technique of ***Schuster*** to the combine system of **Elliott and Albina** in order to provide IP telephone mapping **(Schuster, abstract)**.

25. **Elliott and Albina teach** the mobile telephone apparatus of claim 24 as applied above.

However the **combination of Elliott and Albina** do not explicitly teach wherein said location identifier comprises an IP address of the mobile telephone in a wireless IP network.

In an analogous art, ***Schuster*** teaches functionality of:

wherein said location identifier comprises an IP address of the mobile telephone in a wireless IP network ***(Schuster col.6 lines 58-62: setup up a call, originating gateway needs some mechanism to determine the IP address of the appropriate terminating gateway 20 based on the telephone number supplied by the calling party)***.

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to provide the technique of ***Schuster*** to the combine system of **Elliott and Albina** in order to provide IP telephone mapping **(Schuster, abstract)**.

**Regarding claims 15,** the claim is interpreted and rejected for the same reason as set forth in claims 4**.**

74. **Elliott and Albina teach** the system of claim 73.

However **Elliott and Albina** do not explicitly teach

wherein said codes for directing said processor circuit to cause said access code to be produced cause said access code to be selected from a pool of access codes, where each access code in said pool of access codes identifies a respective telephone number.

In an analogous art, **Schuster** teaches functionality of:

wherein said codes for directing said processor circuit to cause said access code to be produced cause said access code to be selected from a pool of access codes, where each access code in said pool of access codes identifies a respective telephone number ***(Schuster, col. 11 lines 1-5: For instance, if the SRITG serves wireless (e.g., cellular, PCS, etc.) customers, then the AMS may refer to an appropriate reference database (<u>i.e. pool)</u> to associate the IP address of the SRITG with the <u>wireless phone numbers</u> that the SRITG serves).***

Therefore, it would have been obvious to one of the ordinary skill in the art at the

time the invention was made to provide the technique of ***Schuster*** to the system of **Elliott and Albina** in order to provide IP telephone mapping **(Schuster, abstract)**.

81. **Elliott and Albina and Schuster, specifically, Schuster teaches** the system of claim 74 wherein each access code in said pool of access codes further identifies a respective channel operably configured to cooperate with an IP network to cause a call involving the mobile telephone and the callee to be routed through the IP network ***(Schuster, abstract, Fig. 1: ITG routes the call with an IP network (19)).***

82. **Elliott and Albina and Schuster, specifically, Elliott teaches** the system of claim 81 wherein said computer readable medium is further encoded with codes for directing said processor circuit to cause communication through said IP network to be established in response to a call received on said channel ***(Elliott;[0026]: establish <u>new call through data network</u> and <u>tear down exiting</u> call in SS7 network; Also [0915]; Fig. 8F: soft switch has code to establish connected with Route Server (RS) for a particular <u>call in a particular channel</u> after they establish connection for the call).***

83. **Elliott and Albina and Schuster, specifically, Elliott teaches** the system of claim 82 wherein said codes for directing said processor circuit to cause said access code to be produced cause a caller identifier associated with the mobile

telephone to be stored in association with said access code (**Elliott; soft switch has code**).

84. **Elliott and Albina and Schuster, specifically, Elliott teaches** the system of claim 83 wherein said codes for directing said processor circuit to cause communication to be established cause communication to be established only if said caller identifier associated with said access code identifies the mobile telephone ***(Elliott, [0735]-[0736] and [0738]: when phone number matches table entry, call is routed and therefore communication is established).***

85. **Elliott and Albina and Schuster, specifically, Elliott teaches** the system of claim 74 wherein said codes for directing said processor circuit to cause said access code to be produced cause said callee identifier to be stored in association with said access code ***(Elliott, [0738]: callee identifier (i.e. dialed number) is stored in table entry; table 14)***.

86. **Elliott and Albina and Schuster, specifically, Elliott teaches** the system of claim 85 wherein said codes for directing said processor circuit to cause said access code to be produced cause said pool of access codes to be searched for an access code associated with said callee identifier to identify the channel usable by the mobile telephone to initiate a call to the callee (**Elliott,** ***Table 14: circuit group contains channels for identifying callee)***.

**Regarding claims 36 and 55,** the claims are interpreted and rejected for the same

reason as set forth in claim **74.**

**Regarding claims 43-48,** the claims are interpreted and rejected for the same reason as set forth in claims **81-86** respectively.

**Regarding claims 62-67,** the claims are interpreted and rejected for the same reason as set forth in claims **81-86** respectively.

75. **Elliott, Albina and SCHUSTER, specifically, Albina teaches** the system of claim 74.

wherein said computer readable medium is further encoded with codes for directing said processor circuit to cause to be determined a local calling area associated with the mobile telephone ***(Albina; [0053]: destination phone number (the assigned local temporary number) to the SIP application server).***

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to provide the technique of **Albina** to the combine system of **Elliott and Schuster** in order to establish a VoIP media session between the originating cellular telephone and the VoIP destination device ***(Albina, [0007]).***

76. **Elliott, Schuster and Albina, specifically, Albina teaches** the system of claim 75. wherein said codes for directing said processor circuit to cause to be determined cause a dialing profile associated with the caller to be accessed, said dialing profile including a location field having contents identifying at least a default location of the caller ***(Albina [0105]; mobile station 1202 register with Registrar/Location server 1210 to give the location of mobile station; Fig. 12)***.

77. **Elliott, Schuster and Albina, specifically, Schuster teaches** the system of claim 75 wherein said codes for directing said processor circuit to cause to be determined cause to be received an IP address of the mobile telephone in a wireless IP network ***(Schuster col.6 lines 58-62: setup up a call, originating gateway needs some mechanism to determine the IP address of the appropriate terminating gateway 20 based on the telephone number supplied by the calling party).***

78. **Elliott, Schuster and Albina, specifically, Albina teaches** the system of claim 75 wherein said codes for directing said processor circuit to cause to be determined cause to be received an identifier of a wireless voice signal station in wireless communication with the mobile telephone ***(Albina; Fig. 2: [0033] lines 1-18: mobile device 102 sends a data message (i.e. identifier) which is carried via mobile data network 106 which is deliver to application server 110).***

79. **Elliott, Schuster and Albina, specifically, Albina teaches** the system of

claim 75 wherein said codes for directing said processor circuit to cause to be determined cause to be received a user-configured identifier of a location associated with the mobile telephone ***(Albina; Fig. 12: mobile station 1202 registers with <u>register/location</u> server 1210. [0104] lines 8-14: Client's application (<u>i.e. user-configured identifier</u>) resides on mobile station 1202 for enabling the user to select a call. Application is configured (<u>i.e. user-configured identifier)</u> such that requests arrive at the IP address of IWF 1208).***

80. **Elliott, Schuster and Albina, specifically, Albina teaches** the system of claim 75 wherein said codes for directing said processor circuit to cause said access code to be produced further cause to be selected an access code in said local calling area associated with the mobile telephone (***(Albina; [0053]: destination phone number (the assigned <u>local temporary number</u>) to the SIP application server***).

**Regarding claims 37-42,** the claims are interpreted and rejected for the same reason as set forth in claims **75-80** respectively.

**Regarding claims 56-61,** the claims are interpreted and rejected for the same reason as set forth in claims **75-80** respectively.

**Claims 49-50, 68-69, 87-88** are rejected under 35 U.S.C. 103(a) as being unpatentable over **ELLIOTT and Albina** as applied above and further in view of **SHALIT**. (US Pub No.**2002/012391 A1**; hereinafter as "**SHALIT**").

87. **Elliott and Albina teach** the system of claim 73.

However, Elliott and Albina do not explicitly teach

wherein said codes for directing said processor circuit to cause said access code to be produced cause a timestamp for use in determining when the usability of said access code to initiate a call to the callee will expire, to be stored in association with said access code.

In an analogous art**, Shalit** teaches the functionality of:

wherein said codes for directing said processor circuit to cause said access code to be produced cause a timestamp for use in determining when the usability of said access code to initiate a call to the callee will expire, to be stored in association with said access code ***(Shalit; [0044]: Resource manager 15 also deallocates the session access code after the session has expired due to time constraints (i.e., the host will only pay for a 30 minute chat) or physical call breaks (i.e., hang-ups)).***

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to provide the technique of **Shalit** to the system of

**Elliott and Albina** in order to provide audio conferencing services to users of an on-line text messaging service ***(*Shalit*, [abstract]).***

88. **Elliott, Albina and Shalit, specifically Shalit teaches** the system of claim 87 wherein said codes for directing said processor circuit to cause communication to be established cause communication to be established only if the usability of said access code to initiate a call to the callee has not expired ***(Shalit; [0044]: Resource manager 15 also deallocates the session access code after the session has expired due to time constraints (i.e., the host will only pay for a 30 minute chat) or physical call breaks (i.e., hang-ups).***

**Regarding claims 49-50,** the claims are interpreted and rejected for the same reason as set forth in claims **87-88** respectively.

**Regarding claims 68-69,** the claims are interpreted and rejected for the same reason as set forth in claims **87-88** respectively.

**Claims 51, 70, 89** are rejected under 35 U.S.C. 103(a) as being unpatentable over **ELLIOTT and Albina** as applied above and further in view of **de Oliveira et al.** (US Pat No.**5, 454,030**; hereinafter as "**de Oliveira**").

89. **Elliott and Albina teach** the system of claim 71.

However, **Elliott and Albina teach** do not explicitly teach

wherein said network interface comprises a non- voice network interface, and wherein codes for directing said processor circuit to transmit include codes for directing said processor circuit to cause said access code reply message to be transmitted using said non-voice network interface on a non-voice network.

In an analogous art**, De Oliveira** teaches the functionality of:

wherein said network interface comprises a non- voice network interface, and wherein codes for directing said processor circuit to transmit include codes for directing said processor circuit to cause said access code reply message to be transmitted using said non-voice network interface on a non-voice network ***(Col. 8 lines 42-48: transmitting a reply message from the further system (VMS2) via the network interface (FDDI) and the message path (NW) to said one system (VMS1) having transmitted the broadcast message, said <u>reply message</u> containing all control data identifying the home mailbox, including an associated personal access code and a directory).***

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to provide the technique of **De Oliveira** to the system of **Elliott and Albina** in order to provide and voice and fax system over the Fiber

Distributed Data Interface ***(De Oliveira, [Abstract]).***

**Regarding claims 51 and 70,** the claims are interpreted and rejected for the same reason as set forth in claim **89.**

***Conclusion***

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

1. **Guedalia** et. al, US Pub **2007/0112964 A1**: Caller-Callee association of a plurality of networked devices.

2. **Wipliez** et al. US Pat **7,079,526 B1**: caller is calling callee (fig. 2 and abstract).

Any inquiry concerning this communication or earlier communications from the examiner should be directed to M MOSTAZIR RAHMAN whose telephone number is (571)272-4717. The examiner can normally be reached on M-F: 8:00AM-4:00PM EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, UN C. CHO can be reached on 571-272-7919. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/M MOSTAZIR RAHMAN/
Examiner, Art Unit 2413

/UN C. CHO/
Supervisory Patent Examiner, Art Unit 2413