IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VOIP-PAL.COM, INC.,<br>      *Plaintiff,*<br><br>v.<br><br>AMAZON.COM, INC.,<br>AMAZON.COM SERVICES LLC, and<br>AMAZON WEB SERVICES, INC.<br>      *Defendants.* | § § § § § § § § § § § | Case No. 6:21-cv-00668-ADA |
| VOIP-PAL.COM, INC.,<br>      *Plaintiff,*<br><br>v.<br><br>VERIZON COMMUNICAITONS,<br>INC.; CELLO PARTNERSHIP d/b/a<br>VERIZON WIRELESS; VERIZON<br>SEVICES CORP.; and VERIZON<br>BUSINESS NETWORK SERVICES,<br>INC,.<br>      *Defendants.* | § § § § § § § § § § § § § § | Case No. 6:21-cv-00672-ADA |
| VOIP-PAL.COM, INC.,<br>      *Plaintiff,*<br><br>v.<br><br>T-MOBILE USA, INC.,<br>      *Defendant.* | § § § § § § § § § | Case No. 6:21-cv-00674-ADA |

**DISCOVERY DISPUTE ORDER**

The Court hereby resolves the following discovery dispute submitted to the Court by email on June 9, 2022. Plaintiff VoIP-Pal.com, Inc. ("VoIP") asks the Court to permit Mr. Parmenter to view confidential documents without a prosecution bar, or in the alternative, to limit the scope of the prosecution bar. The collective "Defendants" in the above-captioned cases seek to limit his access, or in the alternative, to implement a more restrictive prosecution bar until the parties finalize the terms of a protective order.

**First Issue Submitted by the Parties**

**Plaintiff's Position:**

On March 29, 2022, the Court granted the motion of Sean F. Parmenter to appear as counsel for VoIP-Pal in these cases. *See, e.g.*, Case No. 6:21-cv-668-ADA, Dkt. No. 47. On March 30, 2022, despite the protection provided by the Interim Protective Order in the Court's Order Governing Proceedings, Defendants objected to Mr. Parmenter being given access to Defendants' confidential, technical information produced with their preliminary invalidity contentions. Defendants inaccurately labeled Mr. Parmenter as a "patent prosecutor" and incorrectly asserted that Mr. Parmenter is the attorney of record on an open continuation application of U.S Patent No. 10,880,721–one of the patents asserted in the 2021 cases. The parties attempted to resolve Defendants' objection by negotiating a prosecution bar in advance of submitting a proposed protective order to the Court. The parties, however, have been unable to reach agreement on a prosecution bar. Accordingly, VoIP-Pal respectfully requests that the Court overrule Defendants' objection to Mr. Parmenter because Defendants have no legitimate basis to deny Mr. Parmenter access to Defendants' confidential technical documents.

Thorpe Northern & Western is the counsel of record for the patents-in-suit. Mr. Parmenter used to work for Thorpe and was previously involved in prosecuting the patents-in-suit. Mr. Parmenter, however, (1) is no longer associated with Thorpe; (2) is no longer associated with Thorpe's USPTO customer number for the patents-in-suit or a continuation application of the patents-in-suit (Exs. 1-4) (3) has maintained his own separate law practice for over a year (Ex. 5) (4) is no longer prosecuting patent applications for VoIP-Pal and has not for over a year; and (5) is not prosecuting patent applications in the voice over internet protocol (VoIP) field—the field of

patents-in-suit. VoIP-Pal has advised Defendants of all of these facts yet they maintain their baseless objection to Mr. Parmenter.

Denying access to a party's outside counsel on the ground that they also prosecute patents for that party, which Mr. Parmenter does not even do, is the type of generalization that the Federal Circuit has rejected. *See In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1379 (Fed. Cir. 2010). With discovery already started, Mr. Parmenter has the same immediate need to review Defendants' confidential documents as VoIP-Pal's other attorneys. Mr. Parmenter is fully aware that he will be subject to a prosecution bar if and when a protective order is entered in these cases. The Interim Protective Order, however, is designed to protect Defendants' confidential technical information in the interim. There is simply no legitimate reason to deny Mr. Parmenter further access to this information. Doing so will continue to prejudice VoIP-Pal's ability to prepare its case. Accordingly, the Court should overrule Defendants' objection.

Requested Relief: Order that "Defendants' objection to Mr. Parmenter is OVERRULED. Mr. Parmenter shall be permitted to have access to confidential documents designated under the Interim Protective Order entered in these cases.

**Defendants' Position:**

Mr. Parmenter's appearance here raises concerns because, since graduating law school in 2004, he has only prosecuted patents and never appeared in any district court case. Ex. 6. His LinkedIn profile emphasizes that he is "a seasoned patent attorney with 15+ years of experience preparing and prosecuting US and international patents...," and his former firm (which remains prosecution counsel for VoIP-Pal) listed Mr. Parmenter on its website when he appeared here. Exs. 7-8. Importantly, he prosecuted the asserted '721 patent for VoIP-Pal and is the prosecutor who signed and filed the currently-pending continuation of that patent. Exs. 9-10.

The parties have been negotiating a permanent prosecution bar under which Mr. Parmenter's access to their confidential technical documents would nevertheless be allowed. Such a bar is clearly needed. Defendants have meanwhile objected to Mr. Parmenter's access under the default protective order, which does not contain a prosecution bar. Likewise, the Court's default protective order, which prohibits prosecuting patents in "the field of the invention of the patents-in-suit," is insufficient for two reasons.

*First*, the field of the invention is disputed. VoIP-Pal says that the field is "VoIP," but that matches neither the disclosure of the patents (which relate to initiating a call using a mobile telephone) nor what is accused for many of the defendants (which includes, for instance, a different technology, WiFi calling). *Second*, Defendants' technical documents relating to the varying accused products and systems are not cabined so that information about accused functionality is neatly split into its own documents. Instead, the documents that Defendants have produced and expect to produce (and that VoIP-Pal has requested) about the accused functionality are intermixed with other information that has nothing to do with the asserted patents.

Accordingly, Defendants proposed a prosecution bar commensurate with the scope of production: "related to the technology or subject matter of the patents-in-suit for which discovery was sought or … disclosed." This is exactly the approach taken by this Court when this same type of dispute has previously been presented. *See* Order Regarding Prosecution Bar, *Multimedia Content Mgmt. LLC, v. DISH Network L.L.C.*, 6:18-CV-207-ADA, at 6 (Sept. 25, 2019). *In re Deutsche Bank* dictates no different result. That case merely held that prosecution bar applicability must be determined on the facts in a "counsel-by-counsel basis." 605 F.3d at 1380. Here, Defendants do just that by pointing to specific facts about Mr. Parmenter, the documents produced, and the asserted patents.

Until a prosecution bar that covers the types of technical documents that Defendants must produce here enters, Mr. Parmenter might use—even inadvertently—Defendants' confidential materials to prosecute patents. This is a clear and present risk given Mr. Parmenter's career prosecuting patents, including the patents-in-suit (and pending continuations).

In trying to resolve the dispute about Mr. Parmenter's immediate access, Defendants proposed that he agree to be temporarily bound by Defendants' bar pending entry of a protective order. VoIP-Pal refused, heightening Defendants' concerns that Mr. Parmenter intends to continue prosecuting patents relating to technologies described in Defendants' documents.

Requested Relief: The Court should deny VoIP-Pal's request to allow Mr. Parmenter access to Defendants' confidential technical materials pending resolution of the proper scope of a patent prosecution bar. Alternatively, the Court should allow Mr. Parmenter access only if he is temporarily bound by Defendants' proposed bar (*i.e.*, that Mr. Parmenter be prohibited from engaging in prosecution activity "related to the technology or subject matter of the patents-in-suit for which discovery was sought or related to HIGHLY SENSITIVE MATERIAL that was disclosed") until the Court enters a permanent, case-specific protective order.

## Second Issue Submitted by the Parties

**Plaintiff's Position:**

To the extent that the Court denies VoIP-Pal's requested relief regarding issue 1, the Court should determine the appropriate scope of the prosecution bar to be included in the protective order in these cases. This issue is not premature and the Court should not delay in resolving this issue pending the entry of a protective order because it is integral to resolving Mr. Parmenter's access to Defendants' confidential documents, which he has been denied for months and which Defendants concede he may access under a prosecution bar. VoIP-Pal has proposed that all its

attorneys, including Mr. Parmenter, be bound by the scope of VoIP-Pal's proposed prosecution bar. The Court should adopt VoIP-Pal's proposed scope and reject Defendants' proposed scope.

Defendants bear the burden of making a threshold showing that their proposed prosecution bar "reasonably reflect[s] the risk presented by the disclosure of proprietary competitive information … ." *See X One, Inc. v. Uber Techs., Inc.*, No.16-cv-06050-LHK, 2017 U.S. Dist. LEXIS 38289, at *5-6 (N.D. Cal. Mar. 16, 2017) (*quoting In re Deutsche Bank Trust Co. Americas*, 605 F.3d at 1378). Defendants believe that the scope of the prosecution bar should be defined by the scope of the technical information that they produced. That is not the proper standard. "The proper subject matter of the proposed prosecution bar … should be coextensive with the subject matter of the patents-in-suit." *Applied Signal Tech., Inc. v. Emerging Mkts. Communs.*, No. C-09-02180, 2011 U.S. Dist. LEXIS 97403, at *12 (N.D. Cal. Jan. 20, 2011); *see also* Default Protective Order – Patent Cases at ¶12 (barring prosecution in "the field of the invention of the patents-in-suit.") Defendants cannot satisfy their burden regarding the scope of the proposed bar.

The italicized portion of VoIP-Pal's proposed prosecution bar below is *identical* in scope to the prosecution bar adopted by the NDCAL in a suit involving the '606 patent—the same patent asserted in 2020 cases of which Verizon is a party. *See* Ex. 11 at 3; Ex. 12 at 21. Defendants, however, seek to bar VoIP-Pal's counsel from prosecuting patents relating to any technology or highly sensitive information for which discovery is sought. This definition is far broader than the subject matter of the patents-in-suit, which relate to VoIP communications. Defendants' definition covers any communication over any network. Hence, their definition does not meaningfully limit the scope of information that will trigger the bar and arguably covers prosecuting a patent for making a phone call using the internet, sending an email, or mailing a letter. If the Court were to adopt Defendants' definition, then VoIP-Pal's counsel would be precluded from prosecuting

patents in unforeseen contexts that have nothing to do with the patents-in-suit, based solely on Defendants' decision on what material to produce, which is unreasonable.

Further, the Court should reject Defendants' proposal because VoIP-Pal's counsel who litigated the NDCAL cases should not be subject to two different prosecution bars for the same accused technology—Wifi calling.

Requested relief: Order that "the Court adopts Plaintiff's proposed scope for the prosecution bar in these cases: "*methods, systems, processes, or apparatuses that facilitate communications across or between IP-based communication systems or networks and that utilize user-specific attributes of the communication-initiating party and/or of the communication-receiving party for purposes of classification and/or routing of the communication across private networks or between private networks and public networks* or that utilize an access code received from an access server to initiate a call to a callee."

**Defendants' Position:**

The issue is not ripe for decision. Defendants provided their revised proposed prosecution bar on May 18th, which Plaintiff rejected on May 26th. The parties have not met-and-conferred, and it is not clear whether the only disputed issue for the protective order is the prosecution bar. Rather than address protective order issues piecemeal, Defendants propose that the Court address only the interim scope of the prosecution bar (Issue 1) and deny VoIP-Pal's motion on Issue 2 as premature.

If the Court prefers to address the scope of the prosecution bar now, Defendants propose that the Court order that it encompass prosecution activity "related to the technology or subject matter of the patents-in-suit for which discovery was sought or related to HIGHLY SENSITIVE MATERIAL that was disclosed during the pendency of this Action." This language is borrowed

from the Court's Protective Order in *Multimedia Content* (ordering that the prosecution bar applies to the "field of (i) the invention of the patents-in-suit, ii) any patents or patent applications related to the technology or subject matter of the patents-in-suit for which discovery was sought or HIGHLY SENSITIVE MATERIAL was disclosed, or (iii) the subject matter of information disclosed in RESTRICTED CONFIDENTIAL SOURCE CODE material.").

In so ruling, the Court concluded that the scope of the prosecution bar should be commensurate with the scope of the parties' productions, not just the scope of the claims of the patents-in-suit.  Order Regarding Prosecution Bar, *Multimedia Content Mgmt. LLC, v. DISH Network L.L.C.*, 6:18-CV-207-ADA, at 6 (Sept. 25, 2019) ("After listening to the parties' arguments … regarding '(ii) any patents or patent applications related to the technology or subject matter of the patents-in-suit,' the Court ordered that the language be changed to 'Any patents or patents applications related to the technology or subject matter of the patents-in-suit for which discovery was sought or highly confidential information was disclosed.'").  Defendants' proposal streamlines the language of the prosecution bar in *Multimedia Content* by avoiding overlapping subparts.

The approach of matching the bar to the technical information produced is particularly appropriate and necessary here because VoIP-Pal's motion acknowledges that VoIP-Pal seeks discovery relating to a huge swath of activities beyond the asserted patents, including "making a phone call using the internet, sending an email, or mailing a letter."

VoIP-Pal relies on a bar entered in another case involving different patents by a different court.  Most of the parties here were *not* involved in that case, and they should not be bound by that order.  It is too narrow and would allow VoIP-Pal's counsel to prosecute patents that would cover features and products of Defendants to which those counsel would never have had access

but for this litigation. It writes specific claim elements into the bar (*e.g.*, use of an access code received from an access server to initiate a call) that would effectively preclude prosecution of patents only ***identical*** to the patents already asserted here. There is no support for such a narrow approach in this case.

Requested relief: Order that "Plaintiff's motion is DENIED as premature"; alternatively, Order that "the prosecution bar prohibit the preparation or prosecution of any patent application related to the technology or subject matter of the patents-in-suit for which discovery was sought or related to HIGHLY SENSITIVE MATERIAL that was disclosed."

### **Legal Standard**

Under Rule 26 of the Federal Rules of Civil Procedure, "for good cause shown . . . the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Rule 26 permits a court to enter a protective order to restrict an individual attorney's access to a trade secret or other confidential information. *See* FED. R. CIV. P. 26(c)(1).

Prosecution bars are unique to patent law, so Federal Circuit law, rather than Fifth Circuit law, applies. *In re Deutsche Bank Trust Co. Am.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). "Deciding whether, and to what extent, a prosecution bar should be granted requires a balancing of interests between the risks of inadvertent disclosure and the right of parties to select their legal counsel." *Affinity Labs of Texas, LLC v. Samsung Elecs. Co., Ltd.*, No. 1-12-CV-557, 2013 WL 12138892, at *1 (E.D. Tex. Nov. 18, 2013).

The party seeking a prosecution bar must first show "that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary

competitive information." *In re Deutsche Bank*, 605 F.3d at 1381. If a party seeking the prosecution bar meets its burden, the burden then shifts to the other side, to establish on a counsel-by-counsel basis that:

> (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decision-making related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.

*Id.* at 1381.

## Analysis

The Court finds a prosecution bar warranted for Mr. Parmenter. In the past, he prosecuted the asserted '721 patent for VoIP-Pal and is the prosecutor who signed and filed the currently-pending continuation of that patent. Presently, he has not prosecuted patent applications for VoIP-Pal for over a year and is not prosecuting patent applications in the voice over internet protocol (VoIP) field.

The Court finds it prudent to impose a prosecution bar on Mr. Parmenter in view of this direct work on the asserted patents in this case. Even if he does not continue to prosecute patents for VoIP-Pal and is not prosecuting patents in the VoIP field, the Defendants' confidential discovery documents in this case will likely encompass more than just VoIP technology. For example, the Defendants' confidential documents are likely to discuss related WiFi calling technology and other aspects of communication technology, and Plaintiff is unable to represent that Mr. Parmenter does not prosecute patents in the field of WiFi calling or in other related fields of communication technology. The Court is concerned that Mr. Parmeter will be unable to compartmentalize Defendants' confidential information from his prosecution work.

**Conclusion**

It is hereby **ORDERED** that, for the time being, if Mr. Parmenter accesses Defendants' confidential technical materials, then he will be barred from prosecuting patents related to the technology or subject matter of the patents-in-suit for which discovery was sought or related to HIGHLY SENSITIVE MATERIAL that was disclosed until the Court enters a permanent, case-specific protective order. This interim prosecution bar gives Plaintiff the option to involve Mr. Parmenter in this case on an expedited basis.

Because the parties have not yet fully met-and-conferred on the scope of the prosecution bar, the parties are hereby **ORDERED** to meet and confer on the final scope of the prosecution bar to be issued in the Court's protective order.

SIGNED this 15th day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE