IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and AMAZON WEB SERVICES, INC.,<br><br>    *Defendants*. | Case No. 6:21-cv-00668-ADA |
| VOIP-PAL.COM, INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC.; CELLO PARTNERSHIP d/b/a VERIZON WIRELESS; VERIZON SERVICES CORP.; and VERIZON BUSINESS NETWORK SERVICES, INC.,<br><br>    *Defendants*. | Case No. 6:21-cv-00672-ADA |
| VOIP-PAL.COM, INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>    *Defendant*. | Case No. 6:21-cv-00674-ADA |

**DISCOVERY DISPUTE ORDER**

    The Court hereby resolves the following discovery dispute submitted to the Court by email on October 26, 2022. Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Web

- 2 -

Services, Inc., Verizon Communications, Inc., Cello Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Business Network Services, Inc., and T-Mobile USA, Inc. ("Defendants") ask the Court to require inventors Emil Malak, Johan Emil Viktor Bjorsell, Maksym Sobolyev, and Pentti Kalevi Huttunen (the "inventors") to appear in person for their depositions.

**Issue Submitted by the Parties**

**Defendants' Position:**

In cases where VoIP-Pal seeks billions, it refuses to make any of the four inventors (Malak, Bjorsell, Sobolev, and Huttunen), each of whom lives near Vancouver and are VoIP-Pal-identified witnesses, available for in-person depositions. The *only* reason that VoIP-Pal gave for this refusal before Defendants prepared this motion is COVID-19.

Defendants offered to accommodate COVID concerns through proof of vaccination, testing, masks, and >6-feet distancing. Defendants also offered to hold depositions in Vancouver, Waco, or any other convenient location. VoIP-Pal still refused in-person depositions, although it does not dispute the value of live testimony and the advantages it provides for body language and other reasons.

COVID-19 is an excuse. One inventor, Malak, is VoIP-Pal's Founder and CEO. Rabidly anti-vaccine, he has sued the Canadian government to secure his right to travel abroad unvaccinated (Exhibit 1), mentioning none of the concerns that supposedly animate VoIP-Pal's present position. Malak additionally runs a restaurant in Vancouver that does not require masks. VoIP-Pal provides a doctor's declaration attesting to Mr. Malak's supposed inability to appear in-person, but even the doctor involved is of questionable credibility, at best. (*E.g.*, https://www.ratemds.com/doctor-ratings/45744/Dr-Malcolm-Rondeau-Vancouver-BC.html/?page=2; https://www.ratemds.com/doctor-ratings/45744/Dr-Malcolm-Rondeau-

Vancouver-BC.html/?page=5 (reviews involving sexual assault, mis-diagnoses, and other misconduct).)

VoIP-Pal's litigation counsel represents each of the other three inventors (Exhibit 2) and accepted subpoenas on their behalf (mooting the need for letters rogatory). At least some inventors have stock in VoIP-Pal (Exhibit 3) and, at VoIP-Pal's request, have voluntarily testified in prior proceedings (*e.g.*, *id.* & Exhibit 4). Bjorsell even recently declared to this Court his willingness to come to Waco to testify (Exhibit 5).

The other three inventors also routinely participate in-person in large gatherings, including outside of Canada, as evidenced by the photos below, with no masks in sight:





 



## Your Highlights





(https://www.linkedin.com/feed/update/urn:li:activity:6953850122384396288/; https://twitter.com/jevonearth; https://mobile.twitter.com/tezos_spotlight; https://twitter.com/sobomax?lang=en; https://twitter.com/cluecon (10/20/22); https://www.facebook.com/max.sobel85.)

VoIP-Pal denies that Huttunen has traveled to the USA, but does not deny that he participates in public gatherings in Canada.

If VoIP-Pal's concern is that the Hudnell firm cannot practice in Canada, it should ask inventors to come to the USA or partner with Canadian counsel. It should not play games about whether it represents the inventors (it does) and whether it has accepted service (it has).

If expense and inconvenience become the basis for objections, rather than COVID, Judge Payne recently rejected such arguments. *Staton Techiya v. Samsung Elecs*, 2:21-cv-413 (June 17, 2022, Exhibit 6). In ordering in-person depositions on mere personal jurisdiction issues for witnesses in Korea, Judge Payne reasoned that "the drawbacks attendant to remote depositions of fact witnesses support the need [for in-person] expressed by Defendants." *Id.* Thus, even though the issues were limited, the depositions short, and the witnesses foreign, those depositions were

conducted live in Korea.  VoIP-Pal's cited case, *Aerocrine*, is not to the contrary; it instead concluded that witnesses can't be forced to come to the USA.  And *Ferguson*, decided in June 2020 when most locales were still on lockdown, is hardly pertinent to the current world situation.

**Plaintiff's Position:**

Defendants' request for in-person depositions of three non-party inventors residing near Vancouver, BC (Bjorsell, Sobolyev, and Huttunen) should be denied.  Defendants provide the Court no legitimate basis to compel these foreign inventors to appear for any depositions.  Defendants have not shown that VoIP-Pal controls these inventors or that these inventors are otherwise obligated to appear in person.  Although certain inventors have previously provided testimony voluntarily and Mr. Bjorsell is willing to appear for trial, these facts do not give the Court authority to compel in-person depositions.  Also, Mr. Bjorsell no longer owns VoIP-Pal stock, which is an insufficient basis to compel his deposition anyway.  *See Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 111 (D. Del. 2010).

Contrary to Defendants' claim, VoIP-Pal's counsel has accepted document subpoenas for the non-party inventors, *not* deposition subpoenas.  Exhibit 2 at 15-16, Exhibit 7.  Because these inventors have not agreed to in-person depositions and because Canada is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Defendants must pursue letters rogatory in order to depose these inventors in Canada, which Defendants have not done.  *See* Fed. R. Civ. 28(b); *Utherverse Gaming LLC v. Epic Games Inc.*, No. 2:21-cv-00799-RSM-TLF, 2022 U.S. Dist. LEXIS 126009, at *3-4 (W.D. Wash. May 18, 2022).

Additionally, VoIP-Pal's counsel, who also represents the inventors in these cases, cannot provide "foreign legal services … in British Columbia" without obtaining or qualifying for a Practitioner of Foreign Law Permit.  *See* British Columbia Law Society Rules 2-29-2-31.  It is

unlikely that VoIP-Pal's counsel can do so to represent its clients at in-person depositions in BC before fact discovery closes in six weeks.

Further, the inventors object to in-person depositions due to COVID concerns. The inventors, however, are willing to appear for remote depositions. Under FRCP 30(b)(4), leave to conduct remote depositions should be granted liberally. *See Ferguson v. Tex. Farm Bureau*, No. 6:17-CV-00111-ADA-JCM, 2020 U.S. Dist. LEXIS 255794, at *3-4 (W.D. Tex. June 25, 2020). Defendants fail to explain why remote depositions would be prejudicial. Instead, Defendants try to use unverified social media posts to undermine the inventors' concern for their own health, a tactic this Court has rejected. *Id.* at *7-8. Notably, Mr. Huttunen has not traveled to the U.S. since May, 2019 and two of the photos Defendants include do not even show the inventors.

Although Mr. Malak, who is VoIP-Pal's CEO residing in BC, is willing to be deposed in-person, he is unvaccinated and therefore is not permitted to enter the U.S. under the current CDC restrictions. Additionally, VoIP-Pal's counsel cannot represent Mr. Malak at an in-person deposition in BC without the permit discussed above. Further, despite his willingness, Mr. Malak is 70 years old and at high risk for COVID infection. Exhibit 8.

Defendants' reliance on *Staton Techiya* is misplaced. The court found the trade secret misappropriation and breach of fiduciary duty allegations against the witnesses serious enough to warrant in-person depositions. Exhibit 6. No such allegations exist in these cases.

## Analysis

The Court finds that in-person depositions by the inventors is warranted.

\* \* \*

**Conclusion**

It is hereby **ORDERED** that the named inventors shall appear for in-person depositions.

SIGNED this 11th day of November, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE