**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| VOIP-PAL.COM, INC.<br><br>        Plaintiff,<br><br>   v.<br><br>VERIZON COMMUNICATIONS, INC.;<br>CELLCO PARTNERSHIP d/b/a VERIZON<br>WIRELESS; VERIZON SERVICES, CORP.;<br>and VERIZON BUSINESS NETWORK<br>SERVICES, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 6:21-CV-672-ADA |
| VOIP-PAL.COM, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 6:21-CV-674-ADA |

**DEFENDANTS' JOINT MOTION FOR**
**SUMMARY JUDGMENT OF NO DIRECT INFRINGEMENT**
**DUE TO DIVIDED INFRINGEMENT**

███████████████

**PUBLIC VERSION**

**TABLE OF CONTENTS**

PAGE

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL BACKGROUND & STATEMENT OF UNDISPUTED MATERIAL FACTS ............ 1

       A.   VoIP-Pal's Asserted Claims And The Accused Products And Systems ................. 1

       B.   Defendants' Respective Customers Must Activate The Accused Wi-Fi Calling
            Before It Can Be Used ................................................................................ 3

       C.   VoIP-Pal's Infringement Theory Requires Third-Party Devices And Actions ....... 3

III.   LEGAL STANDARDS ......................................................................................... 5

       A.   Summary Judgment ................................................................................... 5

       B.   Divided Infringement ................................................................................ 5

IV.    DEFENDANTS DO NOT DIRECTLY INFRINGE ANY OF THE ASSERTED CLAIMS
       BECAUSE VOIP-PAL'S INFRINGEMENT THEORY RELIES ON THE ACTIONS AND
       EQUIPMENT OF THIRD PARTIES THAT DEFENDANTS DO NOT CONTROL ................. 6

       A.   Each Of The Asserted Claims Requires The Same Equipment Of And
            Activities By Multiple Parties, Whether As A System, An Apparatus, Or A
            Method .................................................................................................. 8

       B.   Defendants Do Not Directly Infringe Any Of The Asserted *System* Claims
            Because Neither Defendant Directs Or Controls All Of The Claimed
            Components ............................................................................................. 8

            1.   The Asserted Systems Claims Requires Multiple Actors Under
                 VoIP-Pal's Infringement Theory ........................................................... 9

                 a.   VoIP-Pal's Infringement Allegations For "A Processor
                      Circuit," "A Network Interface," And "A Computer
                      Readable Medium" Encompass Third-Party ISPs ................... 10

                 b.   "Receive From *The Mobile Telephone* An Access Code
                      Request Message"; "Said Access Code Being Determined
                      From Said Location Identifier And/Or Based On A Location
                      Pre-Associated With *The Mobile Telephone* And Said
                      Access Code Being … *Useable By The Mobile Telephone To
                      Initiate A Call*"; "Including Said Access Code To Be
                      Transmitted *To The Mobile Telephone*" ................................ 11

            2.   Defendants Do Not Make, Use, Sell, Offer To Sell, Or Import The
                 Entire Claimed System ...................................................................... 14

            3.   The Same Analysis Applies To The Other Asserted System Claims ... 15

C. All Steps Of VoIP-Pal's *Method* Claims Are Likewise Not Performed By Or Attributable Entirely To Defendants......................................................................... 16

   1. Defendants Do Not Perform All Steps Of Method Claim 30 ............... 16

   2. Not All Of The Steps Of Method Claim 30 Are Attributable To Defendants ............................................................................................ 17

   3. Defendants And Their Customers Do Not Form A Joint Enterprise .... 18

   4. Asserted Method Claims 32 And 38 Of The '234 Patent And Claims 130, 133, And 138 Of The '721 Patent Are Substantively Identical To Method Claim 30 ............................................................................. 18

V.   CONCLUSION ............................................................................................. 19

TABLE OF AUTHORITIES

**CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015)......................................................................5, 6, 17, 19

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   365 U.S. 336 (1961).............................................................................................9

*Billups-Rothenberg, Inc. v. Associated Reg'l & Univ. Pathologists, Inc.*,
   642 F.3d 1031 (Fed. Cir. 2011)............................................................................5

*Centillion Data Sys., LLC v. Qwest Comm'ns Int'l, Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011)................................................................14, 15, 20

*ESW Holdings, Inc. v. Roku, Inc.*,
   No. 6:19-cv-44-ADA, 2021 WL 1069047 (W.D. Tex. Mar. 18, 2021)..................................14

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017)............................................................................5, 11, 14

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915 (2014)......................................................................................1, 19

*Omega Patents, LLC v. CalAmp Corp.*,
   920 F.3d 1337 (Fed. Cir. 2019)...........................................................................15

*Synchronoss Techs., Inc. v. Dropbox, Inc.*,
   987 F.3d 1358 (Fed. Cir. 2021)...........................................................................15

**STATUTES**

35 U.S.C. § 271.....................................................................................................1, 14

TABLE OF EXHIBITS[1,2]

| | VERIZON EXHIBITS | |
|---|---|---|
| A | Excerpts from Plaintiff's Preliminary Infringement Contention to Verizon Defendants, dated October 19, 2021 | |
| B | Excerpts from Exhibit 6 to Expert Report of Dr. Vojin Oklobdzija, dated Feb. 9, 2023 | |
| C | Excerpts from Plaintiff's First Amended Final Infringement Contentions to Verizon Defendants, dated August 18, 2022 | |
| D | Excerpts from Expert Report of Dr. Vojin Oklobdzija, dated Feb. 9, 2023 | |
| E | Excerpts from Dr. Vojin Oklobdzija Depo. Transcript, dated May 2, 2023 | |
| F | Excerpts from Exhibit 5 to Expert Report of Dr. Vojin Oklobdzija, dated Feb. 9, 2023 | |
| G | Excerpts of Verizon document Voice over Wi-Fi, dated Aug. 2014 | |
| H | Excerpts of Samir Patel Depo. Transcript, dated Nov. 16, 2022 | |
| I | Excerpts of Verizon Defendants' First Supplemental Responses to VoIP-Pal.com, Inc.'s First Set of Interrogatories | |
| | T-MOBILE EXHIBITS | |
| A | United States Patent No. 8,630,234 | |
| B | United States Patent No. 10,880,721 | |
| C | VoIP-Pal's Preliminary Infringement Contentions (Cover Document) | |
| D | VoIP-Pal's Preliminary Infringement Contentions ('234 chart) (excerpts) | |
| E | VoIP-Pal's Preliminary Infringement Contentions ('721 chart) (excerpts) | |
| F | VoIP-Pal's Final Infringement Contentions (cover document) | |
| G | VoIP-Pal's Final Infringement Contentions ('234 chart) (excerpts, highlighting added) | |
| H | VoIP-Pal's Final Infringement Contentions ('721 chart) (excerpts, highlighting added) | |
| J | Expert Report of Vojin Oklobdzija, dated February 9, 2023 | |

---

[1] T-Mobile exhibits (cited as "T-Mo Ex. __") are located in the Combined Appendix of Exhibits for T-Mobile's June 2, 2023 Motions. Verizon exhibits (cited as "VZ Ex. __") are submitted concurrently herewith.

[2] Where Defendants reference documents from the Court's docket, citations predicated by "T-Mo" refer to the docket in *VoIP-Pal.com, Inc. v. T-Mobile USA, Inc.*, No. 6:21-cv-674-ADA. Citations predicated by "Verizon" refer to the docket in *VoIP-Pal.com, Inc. v. Verizon Commc'ns, Inc.*, No. 6:21-cv-672-ADA.

| L | Exhibit 7 to Oklobdzija Report of February 9, 2023 ('234 chart) (excerpts, highlighting added) |
|---|---|
| M | Exhibit 8 to Oklobdzija Report of February 9, 2023 ('721 chart) (excerpts, highlighting added) |
| N | Oklobdzija DNS Tables 1 (VOJIN-TM0000001) |
| O | Oklobdzija DNS Tables 2 (VOJIN-TM0000002) |
| P | Oklobdzija DNS Tables 3 (VOJIN-TM0000003) |
| Y | Invalidity Expert Report of James Proctor, dated February 9, 2023 (excerpts) |
| AB | Deposition Transcript of Vojin Oklobdzija (April 25-26, 2023) (excerpts, highlighting added) |
| AP | Deposition Transcript of Katie Thompson (Nov. 4, 2022) (excerpts, highlighting added) |
| AQ | Deposition Transcript of Eric English (Dec. 7, 2022) (excerpts, highlighting added) |
| AT | T-Mobile's Responses to VoIP-Pal's 3rd Set of Interrogatories (2022-11-28) (excerpts) |
| AX | VoIP-Pal's First Amended Preliminary Infringement Contentions against Samsung |
| AZ | Email Chain Between Counsel for T-Mobile and VoIP-Pal Regarding VoIP-Pal's Narrowed List of Asserted Claims (May 4-12) (highlighting added) |
| BA | Email Chain Between Counsel for T-Mobile and VoIP-Pal Regarding VoIP-Pal's Further Narrowing of Asserted Claims (March 6-May 23, 2023) (highlighting added) |

## I.  INTRODUCTION

T-Mobile and Verizon ("Defendants") respectfully request summary judgment that they do not directly infringe any of the asserted claims due to divided infringement.  VoIP-Pal asserts two related patents against Defendants—U.S. Patent Nos. 8,630,234 ("the '234 patent") and 10,880,721 ("the '721 patent").  For both, VoIP-Pal alleges infringement based on Defendants' respective Wi-Fi calling (also called "Voice over Wi-Fi" or "VoWiFi") systems and sales of Wi-Fi calling-enabled phones.  T-Mo, Dkt. 1, ¶¶37-40, 49-52; Verizon, Dkt. 1, ¶¶38-41, 50-53.  After contentions, discovery, and expert reports, the exact scope of VoIP-Pal's infringement theories remains ill-defined and nebulous.  But what is clear is that VoIP-Pal's theories are all based on combinations of Defendant equipment (or steps) ***and*** non-Defendant equipment (or steps).

Under 35 U.S.C. § 271(a), a single entity must make, use, sell, offer to sell, or sell any patented invention to be liable for direct infringement.  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014).  But VoIP-Pal's infringement theory relies on the actions of ***both*** T-Mobile or Verizon and multiple third parties.  More specifically, VoIP-Pal's infringement theory for each and every asserted claim requires a combination of equipment or actions provided by more than one of T-Mobile or Verizon, their customers, Internet Service Providers ("ISPs"), and manufacturers of mobile phones (*e.g.*, Samsung).  VoIP-Pal makes no attempt to establish that Defendants control or direct the activities of any third party (nor could it), and cannot therefore establish direct infringement.  Defendants are therefore entitled to summary judgment of no direct infringement for all asserted claims.

## II.  FACTUAL BACKGROUND & STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.  VoIP-Pal's Asserted Claims And The Accused Products And Systems

1.  VoIP-Pal originally asserted fifty-nine total claims, including thirty-four claims of the '234 patent and twenty-five claims of the '721 patent.  T-Mo Ex. C, 1; VZ Ex. A, 1.

1

2.      Independent claims 1, 11, and 20 of the '234 patent (and their dependent claims) are directed to a "mobile telephone."  T-Mo Ex. A, 34:35-57, 35:33-56, 36:29-56; Verizon, Dkt. 1-2 (same).  Independent claims 1, 20, 38, and 50 of the '721 patent (and their dependent claims) are directed to a "wireless device" or "wireless apparatus."  T-Mo Ex. B, 35:2-31, 36:39-63, 38:10-40, 39:49-40:11; Verizon, Dkt. 1-3 (same).  VoIP-Pal asserts that a "wireless device" and "wireless apparatus" includes mobile telephones.  *See, e.g.*, T-Mo Ex. H, 5, 105; VZ Ex. B, 1, 110.

3.      VoIP-Pal has at various times asserted direct infringement theories for claims 1, 11, and 20 of the '234 patent and 1, 20, 38, and 50 of the '721 patent against **both** service providers, such as T-Mobile or Verizon, **and** cellular device manufacturers, such as Samsung, Apple, and Huawei.  *See, e.g.*, T-Mo Ex. C, 1; T-Mo Ex. AX, 1; VZ Ex. A, 1; VZ Ex. C, 1; *Samsung* Complaint, Dkt. 1, No. 21-cv-1246-ADA (W.D. Tex.).

4.      After final infringement contentions and expert reports, VoIP-Pal narrowed the asserted claims against Defendants to eight total claims:  claims 32, 38, 51, and 62 of the '234 patent and claims 77, 130, 133, and 138 of the '721 patent.  *See* T-Mo Exs. AZ; BA.  According to their preambles, these claims are directed to:

- "a method for enabling mobile telephone roaming" (Ex. A, claims 32 and 38; Verizon, Dkt. 1-2 (same));
- "a system for enabling mobile telephone roaming" (Ex. A, claims 51 and 62; Verizon, Dkt. 1-2 (same));
- "an apparatus for enabling a wireless device to establish communications with a destination node" (Ex. B, claim 77; Verizon, Dkt. 1-2 (same));
- "a method for operating an apparatus for enabling a wireless device to establish communications with a destination node" (Ex. B, claims 130 and 133; Verizon, Dkt. 1-2 (same)); and
- "a method for enabling a wireless device to establish communications with a destination node" (Ex. B, claim 138; Verizon, Dkt. 1-2 (same)).

5.      VoIP-Pal currently accuses Defendants' respective Wi-Fi calling systems of infringing the asserted claims.  *See, e.g.*, T-Mo Ex. J, ¶131; T-Mo Ex. AB, 120:1-7 ("**Q.**  And so that is the -- is Voice over WiFi calling the accused T-Mobile instrumentality for the purposes of your opinion?  **A.**  It's my opinion it is."); VZ Ex. D, ¶¶112-14; VZ Ex. E, 241:23-242:1.

6.      VoIP-Pal additionally alleges that Defendants infringe the asserted claims by selling and offering for sale mobile telephones and other wireless devices for use with Defendants' respective Wi-Fi calling systems.  *See, e.g.*, Ex. J, ¶¶128, 130; Ex. L, 1, 90-91; Ex. M, 336-37, 410-11; VZ Ex. D, ¶¶112-14; VZ Ex. F, 1, 78-79, 153-54; VZ Ex. B, 341-42, 412-13, 553-54.

7.      Every asserted claim requires an "access code request message" or a "request message" seeking an "access code," among other elements.  T-Mo Ex. A, 38:7-8, 38:29, 38:55, 39:33-34, 40:9, 41:4-5; Verizon, Dkt. 1-2 (same); T-Mo Ex. B, 40:15-16, 42:25-26, 47:42, 47:49-50, 48:10, 48:36; Verizon, Dkt. 1-3 (same).

**B.      Defendants' Respective Customers Must Activate The Accused Wi-Fi Calling Before It Can Be Used**

8.      Defendants' respective customers must enable Wi-Fi calling before the feature can be used on the Defendants' respective networks.  *See* T-Mo Ex. J, ¶¶135-38; T-Mo Ex. AB, 263:17-21; T-Mo Ex. AQ, 65:17-66:10; T-Mo Ex. AP, 68:8-18; VZ Ex. D, ¶¶118-20; VZ Ex. G, VZ-VoIPPAL-0001399; VZ Ex. E, 242:2-20, 243:23-244:7; VZ Ex. H, 140:23-141:17.

9.      Defendants do not charge any separate or per-minute fee for Wi-Fi calling.  *See* T-Mo Ex. AT, 4; VZ Ex. H, 134:10-13; VZ Ex. I, 47.

**C.      VoIP-Pal's Infringement Theory Requires Third-Party Devices And Actions**

10.     Defendants are cellular communications service providers.

11.     VoIP-Pal's infringement assertions against T-Mobile are set forth at ¶¶133 to 138 (T-Mo Ex. J) and Exhibits 7 and 8 to the Vojin Oklobdzija expert report dated February 9, 2023.

12.      VoIP-Pal's infringement assertions against Verizon are set forth at ¶¶116 to 120 (VZ Ex. D) and Exhibits 5 and 6 to the Vojin Oklobdzija expert report dated February 9, 2023.

13.      VoIP-Pal's infringement theory against Defendants relies on, *inter alia*, three separate access code "phases" that are alleged to comprise the "access code request message" required by each asserted claim: ███████████████████████████████ T-Mo Ex. AB, 194:14-18; *see also* T-Mo Ex. L, 12-17; T-Mo Ex. M, 422-27; VZ Ex. E, 199:18-25; VZ Ex. F, 8-17; VZ Ex. B, 421-31.  VoIP-Pal relies on a series of message exchanges from each of these three "phases," which VoIP-Pal alleges combine together to serve as the required "access code request message."  T-Mo Ex. AB, 164:21-165:1.

14.      VoIP-Pal alleges that ███████ to the Defendants' respective Wi-Fi calling system ██████████████████████████████████████████████████ ███████. T-Mo Ex. J, ¶¶66, 68 ███████████████████████████); T-Mo Ex. L, 13; T-Mo Ex. M, 423; VZ Ex. D, ¶¶66, 68; VZ EX. F, 10; VZ Ex. B, 423.

15.      Each of asserted claims 32, 38, 51, and 62 of the '234 patent and claims 77, 130, 133, and 138 of the '721 patent requires a mobile telephone or wireless device and actions by its owner to trigger the creation of an access code request message.  For instance, claim 51 of the '234 patent depends from claim 46, which is directed to a "system for enabling ***mobile telephone roaming*** …." and requires that a "mobile telephone" generate "an access code request message including a callee identifier associated with the callee and a location identifier separate and distinctive from said callee identifier, identifying a location of the mobile telephone" that is "received" by the accused system.  T-Mo Ex. A, 39:31-38; Verizon, Dkt. 1-2.

16.      VoIP-Pal has not attempted to establish, and cannot meet, its burden to establish that Defendants direct or control the activities of: ███████████████████████ ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████. *See generally* T-Mo Exs. F-H, J, L-M; VZ Exs. B, D, F.

### III.   LEGAL STANDARDS

#### A.     Summary Judgment

"Summary judgment must be granted when, drawing all reasonable inferences in favor of the non-movant, there is no genuine issue as to any material fact." *Billups-Rothenberg, Inc. v. Associated Reg'l & Univ. Pathologists, Inc.*, 642 F.3d 1031, 1036 (Fed. Cir. 2011).

#### B.     Divided Infringement

For system claims, direct infringement occurs only when an accused infringer both: (1) directly or indirectly controls the place at which the whole system is put into service; and (2) benefits from the use of each claimed component of the invention. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("[T]o use a system, a person must control (even if indirectly) and benefit from each claimed component.").

For method claims, direct infringement occurs only when all steps of a claimed method are performed or attributable to a single entity. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). An entity is only responsible for others' performance of method steps "(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id*.

Direction or control may be found if one actor "acts through an agent (applying traditional agency principles)," "contracts with another to perform one or more steps of a claimed method," or "conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Id*. at 1022-1023. Determining whether actors entered into a joint enterprise requires proof of: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be

carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Id*. at 1023.

## IV.   DEFENDANTS DO NOT DIRECTLY INFRINGE ANY OF THE ASSERTED CLAIMS BECAUSE VOIP-PAL'S INFRINGEMENT THEORY RELIES ON THE ACTIONS AND EQUIPMENT OF THIRD PARTIES THAT DEFENDANTS DO NOT CONTROL

VoIP-Pal has consistently asserted the same set of claims against both cellular carriers, like T-Mobile and Verizon, and handset companies, like Samsung.[3]  Some of these claims are method claims; others are system-level claims.[4]  Some claims describe the transmission of request messages from a mobile telephone (or "wireless device"); others purport to describe the receipt of messages from a mobile telephone (or "wireless device").[5]  Whatever VoIP-Pal and its patent prosecutors intended in drafting these claims from different perspectives, they failed to clearly delineate between them, and *all* of the asserted claims require the equipment and actions of more than one party:  cellular carriers *and* phone manufacturers *and* customers (and sometimes third-party Internet Service Providers and other entities).  VoIP-Pal's chaotic and inconsistent claims simultaneously necessitate this divided infringement motion and explain why VoIP-Pal asserted its "network" claims against phone manufacturers and "phone" claims against cellular operators

---

[3]   *Compare, e.g.*, T-Mo Dkt. 1, ¶¶39-40 (alleging that T-Mobile infringes "mobile telephone apparatus" claim 20 of the '234 patent by providing network infrastructure) *and* VZ Dkt. 1, ¶¶33-34 *with* No. 6:21-cv-1246 ("*VoIP-Pal v. Samsung*"), Dkt. 1, ¶¶47, 55 (alleging that Samsung infringes "mobile telephone apparatus" claim 20 of the '234 patent by providing Samsung Galaxy X phones that connect to cellular telephone networks).

[4]   *Compare, e.g.*, T-Mo Ex. C (asserting system claims 62 of '234 patent and 34 of '721 patent, and asserting method claims 30 of '234 patent and 51 of '721 patent) *with* T-Mo Ex. AX (same); *compare* VZ Ex. A (same) *with* VZ Ex. C (same).

[5]   *Compare, e.g.*, T-Mo Ex. C (asserting claims 1 of '234 patent and 1 of '721 patent, which are drafted from perspective of phone, and claims 30 of '234 patent and 51 of '721 patent, which are drafted from perspective of network infrastructure) *with* T-Mo Ex. AX (same); *compare* VZ Ex. A (same) *with* VZ Ex. A (same).

(even as the phones that they sell require choices and actions by customers outside of Defendants' control in order to enable Wi-Fi calling).

VoIP-Pal's infringement contentions, as well as its proposed expert's infringement report, are entirely silent about these divided infringement issues and, indeed, with respect to any issues of control. *See generally* T-Mo Exs. C-H, J, L-M; VZ Exs. A-D, F. VoIP-Pal has never grappled with the issues raised by this motion, choosing to simply ignore them and/or phrase infringement allegations in a way that VoIP-Pal must hope will avoid these issues.

For example, VoIP-Pal's infringement claim charts repeatedly refer to mobile telephones as being able to "trigger" operations within Defendants' respective network. *See* T-Mo Ex. L, 195

("███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████") (emphasis added); VZ Ex. F, 169-70 (same). Such characterizations are misleading. User cell phones and ███████████████████ may contact a cellular network, but that does ***not*** mean that Defendants control those phones or that—when considering the wider network that includes third-party equipment—Defendants can be considered to single-handedly operate the entirety of any device that may be connected through the Internet. To the contrary, only Defendants' customers control whether they activate and use Wi-Fi calling (*see* T-Mo Ex. AQ, 66:3-4 ("[T]he customer has the ability to turn it on or turn off the service on their choosing"); VZ Ex. H, 140:23-141:17 (similar)), ███████████████████████████████████.

Accepting VoIP-Pal's stated infringement theories as true, VoIP-Pal fails to establish direct infringement by Defendants because each and every asserted claim relies on the actions and/or equipment of third parties. VoIP-Pal has the burden of proof, and VoIP-Pal makes no effort to show, and the evidence does not support, that Defendants direct or control the activities of these

third parties at all, let alone such that Defendants should be responsible under any theory of joint infringement. As such, Defendants are entitled to summary judgment of no direct infringement.[6]

**A.    Each Of The Asserted Claims Requires The Same Equipment Of And Activities By Multiple Parties, Whether As A System, An Apparatus, Or A Method**

VoIP-Pal currently asserts eight claims: '234 patent claims 32, 38, 51, and 62 and '721 patent claims 77, 130, 133, and 138.[7] All asserted claims are directed to the same basic call-routing functions: *a mobile telephone* generates an access code request message that contains a callee identifier and location identifier (*e.g.*, when the caller types a telephone number into the caller's mobile phone and hits send to transmit that number to the network server), the "access server" of the network produces an access code that identifies a "communication channel" for the call *based on the caller's location* (*e.g.*, selecting an available IP address from a pool of available IP addresses), and the access server transmits that access code *back to the mobile telephone*. The six independent claims currently at issue varyingly describe these same three steps as a system, an apparatus (although these are actually system claims, too), and a method.[8] Defendants separately address each of the asserted claims below.

**B.    Defendants Do Not Directly Infringe Any Of The Asserted _System_ Claims Because Neither Defendant Directs Or Controls All Of The Claimed Components**

VoIP-Pal's asserted system and apparatus claims (*i.e.*, claims 51 and 62 of the '234 patent and claim 77 of the '721 patent) recite a combination of components and, therefore, VoIP-Pal must

---

[6]    Defendants also do not directly infringe at least because of the lack of an "access code request message," which is required by all asserted claims. That issue is the subject of a separate motion.

[7]    Asserted claims 32, 38, and 51 of the '234 patent and claim 138 of the '721 patent are dependent claims. Although VoIP-Pal does not "assert" the underlying independent claims from which they depend, Defendants address unasserted independent claims 30 and 46 of the '234 patent and claim 51 of the '721 patent in this motion for completeness.

[8]    *See* Appendix A (highlighting the overlapping claim limitations); T-Mo Ex. Y, ¶¶289-94 (explaining the interrelationship between the independent claims of the asserted patents), ¶¶295-301 (evaluating the asserted dependent claims and concluding they add only minor elements that do not contribute novelty).

show that Defendants make, use, sell, offer to sell, or import that entire combination. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 344 (1961) ("[I]f anything is settled in the patent law, it is that the combination patent covers only the totality of the elements in the claim and that no element, separately viewed, is within the grant."). VoIP-Pal cannot make this showing.

### 1.   The Asserted Systems Claims Requires Multiple Actors Under VoIP-Pal's Infringement Theory

Asserted claims 51 and 62 of the '234 patent and asserted claim 77 of the '721 patent are system claims.[9] T-Mobile begins its analysis here with system claim 62, which—as interpreted and applied by VoIP-Pal—implicates the equipment from multiple actors:

> 62.   A system for enabling ***mobile telephone*** roaming, the system comprising:
>
> > ***a processor circuit***;
> >
> > ***a network interface*** in communication with said processor circuit; and
> >
> > ***a computer readable medium*** in communication with said processor circuit and encoded with codes for directing said processor circuit to:
> >
> > > receive ***from the mobile telephone an access code request message including a callee identifier associated with the callee and a location identifier separate and distinctive from said callee identifier, identifying a location of the mobile telephone;***
> > >
> > > communicate with a routing controller to obtain from said routing controller an access code identifying a communication channel, said access code ***being determined from said location identifier and/or based on a location pre-associated with the mobile telephone and said access code being different from the callee identifier and useable by the mobile telephone to initiate a call to the callee using the channel***, and wherein said access code expires after a period of time and wherein said access code is selected from a pool of access codes and wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address; and
> > >
> > > cause an access code reply message including said access code ***to be transmitted to the mobile telephone***.

T-Mo Ex. A, 40:63-41:23 (emphasis added); Verizon, Dkt. 1-2 (same).

---

[9]   Claim 51 of the '234 patent is a dependent claim. This analysis applies to the underlying, unasserted independent claim 46, from which claim 51 depends.

a.  **VoIP-Pal's Infringement Allegations For "A Processor Circuit," "A Network Interface," And "A Computer Readable Medium" Encompass Third-Party ISPs**

Claim 62, read on its face, requires "a processor circuit," "a network interface," and "a computer readable medium."  T-Mo Ex. A, 40:65-41:1; Verizon Dkt. 1-2 (same).  To meet these claim elements, VoIP-Pal haphazardly and vaguely points to infrastructure of various ███████

████████████████ ██ ████████████████████████████████████████████████

████████████████████████████████████████████████████████████."  *See* T-Mo Ex. L, 185, 191-92; VZ Ex. F, 160, 166 (same).  Despite the reference to ██████████

██████████████████████████████████ *are* required by VoIP-Pal's infringement assertion.  T-Mo Ex. AB, 194:14-18.

████████████████████████████████████████.  VoIP-Pal identifies a combination of ████████████████████████████████████████

████████████████████, that it alleges meet the relevant claim limitations.  *See* T-Mo Ex. L, 195; VZ Ex. F, 169-70.  VoIP-Pal never explains how or why any (much less all) of these ████████

████████████████████████████████████████████████████████████████

██████.  *See, e.g.*, T-Mo Ex. J, ¶¶66, 68; T-Mo Ex. L, 184-85, 195; VZ Ex. F, 169-70.

VoIP-Pal cannot do so because Defendants do not own or operate the accused ████████

██████, and VoIP-Pal cannot overcome this fact by baldly referring to those ██████████████

██████████████████████████ without explanation or support.  To the contrary, the only evidence provided by VoIP-Pal in this action demonstrates that the ████████████ that VoIP-Pal identifies are owned and operated by third parties.  VoIP-Pal points to ██████████

---

[10]  VoIP-Pal's repeated use of "and/or" in its infringement claim charts obfuscates the particular equipment accused of infringement and fails to specifically identify where each element is purportedly found in the accused Wi-Fi calling systems.  *See, e.g.*, OGP 4.1, §II.2.  T-Mobile previously raised VoIP-Pal's contention deficiencies with the Court.  The parties were instructed to confer further, but VoIP-Pal persists in its "and/or" and "exemplary" infringement assertions even now, after the close of fact and expert discovery.



█████████. T-Mo Ex. J, ¶¶66, 68; T-Mo Ex. L, 184-85; T-Mo Ex. M, 115-16; T-Mo Exs. N-P ████████████████████████); VZ Ex. D, ¶¶66, 68; VZ Ex. F, 184-86; VZ Ex. B, 441-43.

In other words, the evidence on which VoIP-Pal relies for its infringement assertion demonstrates that the accused ████████████ include servers owned and operated by ████████████. VoIP-Pal has not and cannot demonstrate that Defendants own or operate ████████. Indeed, it does not even try. *Intellectual Ventures I*, 870 F.3d at 1329. Summary judgment is therefore appropriate.

> b. **"Receive From *The Mobile Telephone* An Access Code Request Message"; "Said Access Code Being Determined From Said Location Identifier And/Or Based On A Location Pre-Associated With *The Mobile Telephone* And Said Access Code … *Useable By The Mobile Telephone To Initiate A Call*"; "Including Said Access Code To Be Transmitted *To The Mobile Telephone*"**

Claim 62 also requires that the "processor circuit," using instructions from the computer readable medium, operate to "receive from the mobile telephone an access code request message," to determine the access code from information relating to the mobile telephone, to transmit the access code to the phone, and to ultimately connect the mobile phone to the callee. T-Mo Ex. A, 41:1-5; Verizon, Dkt. 1-2 (same). VoIP-Pal's allegations for this step necessarily require meaningful action on the part of mobile telephones as well as the network components, but those mobile telephones are operated by Defendants' customers—not Defendants, while the network components are operated by Defendants (and others)—not their customers.

In considering these issues, it is important to understand that the problem is not that the claims recite messages generated by a phone, codes that are dependent on these phone-generated

messages, and the initiation of calls using the codes.  The problem is the bulk of the claim is dependent on the mobile telephone (and its user), which is the hub of critical activity necessary to prove infringement, rather than the network alone.  In other words, one cannot look at the network alone to determine infringement; one must consider the network in combination with the phones that use it—and those phones are not controlled by T-Mobile or Verizon.

Moreover, VoIP-Pal's interpretation drives home the heart of the issue:  VoIP-Pal applies claim 62 against Defendants' Wi-Fi calling systems.  Specifically, VoIP-Pal alleges that the requirements of claim 62's mobile telephone's "access code request message" are met through three distinct messages that it combines together to form the required message: ███████████ ██████████████████████.  *See, e.g.*, T-Mo Ex. AB, 194:14-18; T-Mo Ex. L, 194-202; VZ Ex. E, 199:18-25; VZ Ex. F, 8-17; VZ Ex. B, 421-31.  Of these, VoIP-Pal asserts that at least ███████ requires a "triggering" action from a mobile telephone, such that the mobile telephone *user* necessarily initiates the process of an "access code request message" being received at network infrastructure components.  *See, e.g.*, T-Mo Ex. L, 195 ("████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████") (emphasis added); VZ Ex. F, 169-70 (same for Verizon).  This only happens, under VoIP-Pal's theory, when a *user*—not T-Mobile or Verizon—makes a Wi-Fi call, which cannot occur unless and until the *user*—not T-Mobile or Verizon—enables Wi-Fi calling, joins a Wi-Fi network, and places a Wi-Fi call.  Under VoIP-Pal's theory and the evidence on which it relies, the mobile telephone then transmits the access code request message ████████████████████.

Also importantly, it cannot be reasonably disputed that Defendants, their phone manufacturers (like Samsung, which VoIP-Pal also accuses of infringing this same claim), and

12

their customers are separate entities, none of whom operates ***both*** the network and the mobile telephones themselves.  Indeed, this point is driven home by the following:

- VoIP-Pal's technical expert, Dr. Oklobdzija, opines (as part of an inducement theory recently dropped) that it is T-Mobile's ***customers*** (*i.e.*, those who place the calls on their own cell phones) that are the direct infringers of the asserted system claims.  T-Mo Ex. J, ¶135 ("T-Mobile's customers have directly infringed the asserted claims of the patents-in-suit through the normal and customary use of the T-Mobile Accused Instrumentalities."); VZ Ex. D, ¶118 (same).

- VoIP-Pal asserts direct infringement of the same claims, including claims 62 and the other system claims that are the subject of this motion, against both cellular carriers who operate cellular networks (like T-Mobile and Verizon) ***and*** against the handset carriers (like Samsung) themselves.  *See* T-Mo Ex. L, 175 (asserting claim 62); T-Mo Ex. AX, 1 (same); VZ Ex. F, 153 (same).

- As discussed in the co-pending motion for summary judgment relating to "access code request message," VoIP-Pal added "location identifier"—*i.e.*, an element that depends on the location of the mobile telephone—in order to secure issuance of the asserted claims.  *See* Defendants' Motion for Summary Judgment of Non-Infringement (concurrently filed).  If VoIP-Pal had to ***add*** specific detail about the operation and function of the mobile telephone of claim 62 to secure that claim's issuance, it should not now be permitted to simply read away the requirement of a mobile phone entirely based on the suggestion that the claim is a "network"-level claim.

VoIP-Pal has not and cannot plausibly allege that Defendants directly or indirectly control their customers or other Wi-Fi calling users.  *Intellectual Ventures I*, 870 F.3d at 1329.  To the contrary, Wi-Fi calling is, by default, ***disabled*** on all Defendants' customer devices and not required to use Defendants' cellular communications services.  T-Mo Ex. J, ¶¶135-38; VZ Ex. D, ¶¶118-20.  Defendants' customers must actively navigate within the devices to a "Wi-Fi Calling" screen and activate the option.  T-Mo Ex. J, ¶136; VZ Ex. H, 141:6-17.  The user must then actually place a Wi-Fi call in order to initiate the first claim limitation, and then it is that user's call that is ultimately placed using an access code dependent on the phone's location and the location of the other person that he or she is trying to call.  There is no genuine issue of material fact that Defendants do not control its users in their usage (or non-usage) of Wi-Fi calling.  *See ESW Holdings, Inc. v. Roku, Inc.*, No. 6:19-cv-44-ADA, 2021 WL 1069047, at *3 (W.D. Tex. Mar. 18,

2021) (finding divided infringement where Roku customers must activate the accused feature).

Summary judgment is therefore appropriate for these reasons as well.

### 2.    Defendants Do Not Make, Use, Sell, Offer To Sell, Or Import The Entire Claimed System

However couched under Section 271(a), VoIP-Pal's asserted claims fail.  For instance, in order to "make" the accused system, the alleged direct infringer must "combine all of the claim elements." *Centillion Data Sys., LLC v. Qwest Comm'ns Int'l, Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011).  In *Centillion*, a customer of the accused infringer—not the accused infringer itself— was the party who "made" the accused system because the "customer … complete[d] the system by providing the 'personal computer data processing means' and installing the client software." *Id*. at 1288.  As in *Centillion*, Defendants do not activate Wi-Fi calling or initiate the process of establishing Wi-Fi calls, nor does or could VoIP-Pal allege that Defendants transmit "access code request messages" required by claim 62 (and all of the asserted claims).  This means that Defendants cannot be found to infringe due to "making" or "manufacture."

Defendants also are not alleged "use" the claimed invention by putting it into service—*i.e.*, by "control[ing] the system and obtain[ing] benefit from it." *Centillion*, 631 F.3d at 1284 (Fed. Cir. 2011).  To "control" a system, the alleged infringer must have "the ability to place the system as a whole into service." *Id*.  Here, VoIP-Pal cannot show that Defendants, and Defendants alone, do so.  In *Centillion*, the Federal Circuit found that the alleged infringer never "used" the entire claimed system because the alleged infringer's customer "used" the software supplied to them. 631 F.3d at 1286; *see also Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358, 1368-69 (Fed. Cir. 2021) (similar).  Just as in *Centillion*, the undisputed facts here show that Defendants' customers activate Wi-Fi calling and, if activated, they (not Defendants) may "use" mobile telephones to initiate a Wi-Fi call.  *See* T-Mo Ex. J, ¶138 (stating that T-Mobile's customers "use

14

the T-Mobile Accused Instrumentalities in an infringing manner"); VZ Ex. D, ¶120.  Defendants

do not have "control" or "the ability to place the system as a whole into service." *Centillion*, 631

F.3d at 1284.  The same is true for Google and other ███████████████████████████. *See,*

*e.g.*, T-Mo Ex. J, ¶68; T-Mo Ex. L, 195 (identifying ████████████████"); VZ Ex. D, ¶68.

Likewise, Defendants do not "sell," "offer to sell," or "import" the entire claimed system.

To show direct infringement by "sale," VoIP-Pal must show that Defendants sell (or offer to sell)

all the required elements, as combined in the claimed invention. *See, e.g., Omega Patents, LLC v.*

*CalAmp Corp.*, 920 F.3d 1337, 1345 (Fed. Cir. 2019).  But Defendants are cellular service

providers.  They do not sell network equipment either individually or in combination; they are

instead a user of such equipment, ████████████████ that VoIP-Pal identifies in its

infringement theory (which Defendants use, but do not sell). *See* T-Mo Ex. L, 185; VZ Ex. F, 160.

Nor do they "import" the entire accused system, the components of which are purchased, installed,

and operated in the United States.

### 3.    The Same Analysis Applies To The Other Asserted System Claims

Asserted system claim 51 (including the underlying independent claim 46) of the '234

patent and apparatus claim 77 of the '721 patent are substantively identical to claim 62 and fall for

the same reasons.  First, while neither claim includes the same "processor circuit," "network

interface," and "computer readable medium" limitations, instead substituting other similar

requirements, VoIP-Pal nonetheless alleges that Defendants infringe both claims through the same

infringement theory including Defendants' customer mobile telephones ████████████

████.  T-Mo Ex. L, 101-102; *see also* T-Mo Ex. M, 421 ('721 claim 77); VZ Ex. F, 86-87

(similar); VZ Ex. B, 421-22.

Asserted system claim 51 of the '234 patent (through its underlying independent claim 46)

and apparatus claim 77 of the '721 patent both also include a "receiving ***from the mobile telephone***

an access code request message" limitation other elements referencing the mobile phone, similar to claim 62. *See also* Appendix A (comparing all currently asserted independent claims). In its analysis of this term, VoIP-Pal simply cuts-and-pastes its stock analysis and, for example, alleges that (1) the requirements of "access code request message" are met through three distinct messages; and (2) ███████████████████████████ from a mobile telephone. *See, e.g.*, T-Mo Ex. L, 100-108; T-Mo Ex. M, 420-27; VZ Ex. F, 85-95; VZ EX. B, 420-31. In short, these claims suffer from the same divided infringement defects as claim 62, and Defendants are also entitled to summary judgment of no direct infringement.

**C.     All Steps Of VoIP-Pal's *Method* Claims Are Likewise Not Performed By Or Attributable Entirely To Defendants**

To show direct infringement for method claims, VoIP-Pal must show that all steps of the claimed method are performed or attributable to a single entity. *See Akamai Techs., Inc.*, 797 F.3d at 1022. An entity is only responsible for others' performance of method steps "(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id*. Here, VoIP-Pal cannot show that Defendants direct or control others' performance or that Defendants forms a joint enterprise with its customers.

Asserted claims 32 and 38 of the '234 patent and asserted claims 130, 133, and 138 of the '721 patent are method claims. Defendants begin with claim 30, from which asserted claims 32 and 38 depend, before addressing the others.

**1.     Defendants Do Not Perform All Steps Of Method Claim 30**

VoIP-Pal treats method claim 30 nearly identically to the system claims discussed above and even appears to copy-and-paste entire sections wholesale. Like claim 62, method claim 30 recites the step of "receiving from the mobile telephone an access code request message." In its analysis of this limitation of claim 30, VoIP-Pal provides an identical analysis as with claim 62,

alleging that the requirements of "access code request message" are met through: . *See, e.g.*, T-Mo Ex. L, 12-17; VZ Ex. F, 7-17.  As with claim 62, VoIP-Pal asserts that the ▮▮▮▮▮▮▮▮▮ requires a "triggering" action from a mobile telephone, such that the mobile telephone initiates the process of an "access code request message" being received at network infrastructure components. *See, e.g.*, T-Mo Ex. L, 13 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮") (emphasis added); VZ Ex. F, 10 (same).

VoIP-Pal's infringement theory therefore requires, among other things, that Defendants' customers "trigger" an access code request message (with all of the attendant requirements of this message, such as the location identifier, that depend on the mobile phone) as received by network infrastructure, as well as being dependent on the actions and activities of the caller and phone in other ways analogous to claim 62.  T-Mo Ex. L, 13 (discussing mobile phone triggering network infrastructure to perform task for claim 30); VZ Ex. F, 10-11.  As Defendants' customers and their phones are required to perform this step and others that are dependent on the phones, regardless of whether the patentee attempted to frame the claim as the network "receiving" this particular message with all of its requirements, Defendants do not perform all steps of method claim 30.

### 2.    Not All Of The Steps Of Method Claim 30 Are Attributable To Defendants

Defendants do not direct or control their customers and whether they choose to initiate a Wi-Fi call.  It is Defendants' customers, not Defendants, that decide whether or not to enable the Wi-Fi calling features on their own personal mobile devices.  *See* T-Mo Ex. AQ, 66:3-4 ("But the customer has the ability to turn it on or turn off the service on their choosing"); VZ Ex. H, 140:23-141:4.  Likewise, VoIP-Pal's infringement theory for claim 30 specifies that the actions of

Defendants' customers are required to "trigger" the transmission of an "access code request message," a claimed element. *See, e.g.*, T-Mo Ex. L, 13; VZ Ex. F, 10-11. Defendants do not therefore control their customers to transmit an "access code request message" as required to infringe claim 30. They likewise do not control the location of the phone or who is called.

### 3. Defendants And Their Customers Do Not Form A Joint Enterprise

In *Akamai*, the Federal Circuit held that, even if a single entity does not perform each step of a method claim, direct infringement may be found when a "third party's actions are attributed to the alleged infringer such that the alleged infringer becomes the single actor chargeable with direct infringement." *Akamai*, 797 F.3d at 1023. To show that parties engage in a joint enterprise, the proof of four elements is required, specifically: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *See id*.

VoIP-Pal has not even attempted to demonstrate, and cannot demonstrate, that Defendants and their customers entered into a joint enterprise. *See generally* T-Mo Ex. J, L-M (no allegation of a joint enterprise or facts supporting one); VZ Exs. B, D, F (same). Indeed, VoIP-Pal has chosen to simply ignore this issue entirely. There is and can be no reasonable dispute here—Defendants and their customers do not engage in a joint enterprise.

### 4. Asserted Method Claims 32 And 38 Of The '234 Patent And Claims 130, 133, And 138 Of The '721 Patent Are Substantively Identical To Method Claim 30

Asserted method claims 32 and 38 of the '234 patent depend from claim 30, the limitations of which are discussed above, and require all of the limitations of claim 30. Defendants do not directly infringe these claims for at least the reasons discussed above with respect to claim 30.

18

Asserted method claims 130, 133, and 138 all include, or depend from an independent claim that includes, the limitation of "receiving from the wireless device a request message." T-Mo Ex. B, 40:15-16; Verizon, Dkt. 1-3 (same). VoIP-Pal treats this limitation identically to the corresponding limitation discussed above with respect to claim 30 of the '234 patent. That is, to address this limitation, VoIP-Pal provides verbatim analysis, claiming that the "wireless device" is a mobile phone ("a wireless device (e.g., a device having wireless capabilities such as a T-Mobile subscriber's mobile telephone)") and that the "request message" is a three-part message including the components of a ██████████████████████████████ st—*i.e.*, the same as the "access code request message." *See* T-Mo Ex. M, 550, 561-66; *see also* T-Mo Ex. AB, 194:14-18; VZ Ex. E, 199:18-25. VoIP-Pal again interprets this element to require a "triggering" action from Defendants' customers, even though they control their own mobile telephones, and copies-and-pastes its allegations for each of these claims. *See* T-Mo Ex. M, 336-57; VZ Ex. B, 341, 348-58. In addition, Defendants do not direct or control ██████████████████████████ █████████ that receive the "access code request message," as discussed above. Defendants do not directly infringe these claims, therefore, at least because Defendants do not perform all steps in the claims and because not all steps in the claims are attributable to Defendants.

## V.   CONCLUSION

VoIP-Pal has deliberately obfuscated its infringement assertion throughout this action to blur together the accused equipment and actors alleged to perform each limitation for asserted claim 62. That is not right and cannot avoid a finding of divided infringement. VoIP-Pal has the burden of proof on infringement, and it has not presented—and cannot present—any evidence to show that Defendants have "the ability to place the system as a whole into service." *Centillion*, 631 F.3d at 1284.

Dated:  June 2, 2023

Respectfully submitted,

*/s/ William Hector*

Deron Dacus
State Bar No. 0079-553
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Tel: (903)705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Frank C. Cimino, Jr. (*pro hac vice*)
Megan S. Woodworth (*pro hac vice*)
William Lawrence (*pro hac vice*)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4569
FCCimino@Venable.com
MSWoodworth@Venable.com
WCLawrence@venable.com

William Hector (*pro hac vice*)
VENABLE LLP
101 California Street
Suite 3800
San Francisco, CA 94111
(415) 653-3750
WAHector@Venable.com

Laura A. Wytsma (*pro hac vice*)
VENABLE LLP
LAWytsma@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
T 310.229.9900

**ATTORNEYS FOR DEFENDANTS VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON SERVICES CORP., AND VERIZON BUSINESS NETWORK SERVICES LLC**

*/s/  Kourtney Mueller Merrill*

Amanda Tessar
ATessar@perkinscoie.com
Kourtney Mueller Merrill
KMerrill@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Tel: (303) 291-2357
Fax: (303) 291-2457

Martin E. Gilmore (*Pro Hac Vice*)
MGilmore@perkinscoie.com
PERKINS COIE LLP
500 W 2nd St 1900
Austin, Texas 78701
Tel: (737) 256-6100
Fax: (737) 256-6300

Melissa Richards Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM AND SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-925

**ATTORNEYS FOR DEFENDANT T-MOBILE US, INC.**

## CERTIFICATE OF CONFERENCE

On May 31, 2023, attorneys at Venable LLP, The Dacus Firm, Perkins & Coie LLP, and Gillam & Smith LLP, counsel for Verizon and T-Mobile, conferred with attorneys at Hudnell Law Group, counsel for plaintiff VoIP-Pal, Inc, regarding the subject matter of this motion.  The parties could not resolve the issues and VoIP-Pal opposes the relief requested by Verizon.

*/s/ William Hector*_____
William Hector

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via electronic mail on June 2, 2023.

*/s/ William Hector*_____
William Hector