**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VOIP-PAL.COM, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>VERIZON COMMUNICATIONS, INC.;<br>CELLCO PARTNERSHIP d/b/a VERIZON<br>WIRELESS; VERIZON SERVICES, CORP.;<br>and VERIZON BUSINESS NETWORK<br>SERVICES, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 6:21-CV-672-ADA |

**VERIZON DEFENDANTS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285 (DKT. 199)**

I.   **INTRODUCTION**

On March 5, 2025, the Court held a hearing on Verizon's Motion for Attorneys' Fees (Dkt. 199). During that hearing, the Court authorized Verizon to submit this Supplement to request recovery of the attorneys' fees Verizon incurred from July 2024 through February 2025. For the same reasons presented in Verizon's original Motion (Dkt. 199) and Reply (Dkt. 216), the fees incurred from July 2024 through February 2025 would not have been incurred but for VoIP-Pal's exceptional conduct.

II.  **THE SUPPLEMENTAL FEES THAT VERIZON SEEKS ARE REASONABLE**

Verizon requests reasonable supplemental attorneys' fees of $211,127.50 for the work performed in defending this case between July 2024 and February 2025. This includes time associated with the final pre-trial conference, VoIP-Pal's Motion for Reconsideration, Verizon's Bill of Costs and Verizon's Motion for Attorneys' Fees, which both the Fifth and Federal Circuits have held are recoverable. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) ("It is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation."); *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (recognizing Section 285 permitting "lawyer's fees for time spent on the issue of attorney fees . . . ."). Attached hereto are two supplemental declarations further detailing the work performed and the reasonableness of the requested supplemental fees. *See generally* Cimino Supp. Decl. and Dacus Supp. Decl.

III. **CONCLUSION**

Verizon respectfully requests that the Court enter an order finding that this case is exceptional and that Verizon is entitled to recover its fees incurred after February 2, 2023, totaling $967,608.50.

Dated:  March 11, 2025                          Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 0079-553
**THE DACUS FIRM**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Tel: (903)705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Frank C. Cimino, Jr. (*pro hac vice*)
Megan S. Woodworth (*pro hac vice*)
William Lawrence (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4569
FCCimino@Venable.com
MSWoodworth@Venable.com
WCLawrence@venable.com

William Hector (*pro hac vice*)
**VENABLE LLP**
101 California Street
Suite 3800
San Francisco, CA 94111
Tel: (415) 653-3750
WAHector@Venable.com

**ATTORNEYS FOR DEFENDANTS VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, VERIZON SERVICES CORP., AND VERIZON BUSINESS NETWORK SERVICES LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served March 11, 2025 to all counsel of record, via electronic mail.

*/s/ Megan S. Woodworth*
Megan S. Woodworth
